## ·WOHLSTETTER v. CAPITAL TRANSIT CO.

### No. 684.

Municipal Court of Appeals for the District of Columbia.

Dec. 22, 1948.

Alvin L. Newmyer, Jr., of Washington, D. C. (Alvin L. Newmyer and David G. Bress, both of Washington, D. C., on the brief), for appellant.

Edwin A. Swingle, of Washington, D. C. (Ernest A. Swingle, of Washington, D. C., and Allan C. Swingle, of Oklahoma City, Okl., on the brief) for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellant, Wohlstetter, brought this action below against the Capital Transit Company as a result of an accident involving his car and a Capital Transit bus. At the close of evidence produced by appellant a motion for a directed verdict against him was granted, and he has appealed.

On the morning of January 9, 1947, appellant entered his automobile which was parked facing north on the east side of 17th Street a few feet below the intersection of DeSales Street, which ends at 17th Street. It being a very cold morning, he warmed up his engine for some ten minutes and, after signaling, started a U turn to go south on 17th Street. He testified that he looked and saw no northbound traffic above L Street, which is approximately 337 feet away. He also testified that some five seconds after leaving the curb, when his car was at an angle of approximately 50 degrees from the north-south axis of 17th Street and the front was less than six feet from the white center line, his engine stalled. He restarted it within three or four seconds, and after looking only to the north slowly continued his turn. His explanation was that he did not look south at the time of restarting his car because he was in plain view of northbound traffic, almost perpendicular to it, and a very short distance from the center of the street, and that he expected any northbound traffic would stop or pass behind him, since there was no room for northbound traffic to pass between him and the center line. After he had gone a few feet and after the front of his car had entered the west side of the street, he was struck by the right side of the front of the northbound bus. His car was hit on its left front door next to the driver's seat. He fixed the point of impact as a few feet west of the center line of 17th Street.

One of the important elements in the case was the position of appellant's car at the time his engine stalled. The testimony was undisputed that the white center line of 17th Street at this point is 28 feet from

each curb. Aside from appellant's own testimony that at the time of the stall the front of his car was less than six feet from the center line, another of his witnesses, who observed the accident from the west side of 17th Street, estimated that when appellant's car stopped its rear was three or four feet from the east curb. Subsequently, however, this witness said that this was only an approximation and that after appellant's car started again from its stopped position it moved "only a few feet." before being struck by the bus, and that when it was struck it was on the center line of 17th Street. Another witness did not see appellant's car until after it had started the second time, but he agreed that at the time of the impact the bus was at least partially on the west side of 17th Street.

It appeared from the testimony of one of appellant's witnesses that the bus had been proceeding north up the center lane of the east side of 17th Street at approximately 25 miles per hour and that there was no other traffic going north in the vicinity at the time. When appellant's car stalled, according to this witness, the bus was from 125 to 150 feet down 17th Street. When the bus was from 40 to 50 feet away, the bus driver "checked the brakes," making short skid marks, then proceeded again. When the bus was approximately 25 feet away the driver put his brakes on hard and the bus made skid marks all the way to the point of impact. This witness was permitted to state that "The bus had plenty of time to stop."

The story of the bus driver, told to a police officer and admitted without objection was that he saw appellant's automobile coming out from the curb, that he checked the brakes and then put on the gas to go around the other automobile and then saw it start again, and that he then reapplied his brakes. Another witness testified that he heard the horn of the bus blow when it was between 125 and 150 feet from appellant's automobile.

Before closing his case appellant introduced into evidence four sections of the District of Columbia traffic regulations, which he alleged had been violated by the bus driver. Of these regulations Section 22(a) prohibits a greater speed than is reasonable under the circumstances; Section 23(a) requires a driver to drive as close as possible to the right-hand curb; Section 28 relates to the right of way between vehicles at intersections; and Section 29 requires a driver to give full time and attention to the operation.

The trial judge directed a verdict for defendant on the authority of Landfair v. Capital Transit Co., App.D.C., 165 F.2d 255, in which the doctrine of the last clear chance was rejected, and it was held as a matter of law that plaintiff had not established negligence on the part of defendant.

■■ We do not agree with the trial court's ruling. The rule is fundamental and has been stated often that a motion for directed verdict may not be granted in a case of this nature unless reasonable men could arrive at but one verdict considering the facts and all reasonable inferences therefrom in the light most favorable to the party resisting the motion.[1] This is not to say a trial judge may not find a lack of negligence or contributory negligence as a matter of law,[2] but the evidence must be so clear as to be beyond question.

The Landfair case, supra, upon which the trial court based its decision, does not conflict with this well settled rule. There plaintiff turned directly across the path of a following street car when it was no more than 15 feet away. The court held that plaintiff should have looked and seen the street car. It was moving slowly, and no evidence of negligence or of any manner in which the operator could have avoided the accident was shown. The court went no further than to hold that the doctrine of last clear chance is not applicable until after it is established that there was a duty on defendant's part after the peril arose, and a breach of that duty was the proximate cause of the accident.

---

[1] Yellow Cab Co. of D. C. v. Griffith, D.C.Mun.App., 40 A.2d 340; cf. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720.

[2] See Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380, certiorari denied 306 U.S. 630, 59 S.Ct. 464, 83 L. Ed. 1032; Gunning v. Cooley, supra.

We believe that the facts of the present case make it clearly distinguishable from the Landfair case. One such distinguishing feature is the difference between a street car, which moves, on a fixed track, and has a preferential right of way, and a bus which is governed by the same traffic regulations as apply to other automobiles. We conclude that the questions of whether the accident was proximately caused by the negligence of appellee's driver and whether appellant was guilty of contributory negligence were sufficiently put in issue so that those questions should have been left to the jury.

Reversed, with instructions to award a new trial.