## DICKENS V. THE CITY OF DES MOINES.

1. **Appeal**: EVIDENCE TO SUPPORT VERDICT. The evidence being conflicting, the verdict based thereon cannot be set aside on appeal.

2. **Personal Injury**: MARRIED WOMAN: LOSS OF SERVICE: PLEADING AND EVIDENCE. In an action by a married woman for a personal injury, she averred that since the injury she had been, and always would be, unable to perform any kind of work or service; but she did not aver that she had a separate business, independent of her duties as a housewife, which alone would entitle her to damages for loss of ability to work. *Held* that, in the absence of a motion to make the petition more specific, she was properly allowed to prove that she had such separate business.

Dickens v. The City of Des Moines.

3. **Evidence** : HARMLESS ERROR. Error in admitting evidence is no ground for reversal where it appears that it wrought no prejudice to appellant.

*Appeal from Polk District Court.*—HON. M. KAVANAGH, JR., Judge.

FILED, MARCH 12, 1888.

THIS is an action to recover damages for a personal injury which the plaintiff avers she received by a fall upon a sidewalk in the defendant city. There was a trial by jury, which resulted in a verdict and judgment for plaintiff for one thousand dollars. Defendant appeals.

*Detrick & McMartin*, for appellant.

*D. O. Finch* and *D. Donovan*, for appellee.

ROTHROCK, J.—I. The plaintiff claims that she was injured by reason of a board having been removed from a sidewalk, leaving an opening therein, into which she stepped while passing along the walk in the night, and without any negligence on her part. It is conceded that there was an opening, or hole, in the sidewalk, caused by the removal of a board, and the evidence as to whether plaintiff fell at that point is very conflicting. It is also conceded that the plaintiff's right leg is completely paralyzed, and the evidence is in great conflict whether it was caused by a fall, or whether it was attributable to other causes. We are asked to reverse the case upon the merits, because the evidence does not sustain the verdict. The evidence has been fully presented to us in two abstracts—one prepared by appellant and the other by the appellee; and counsel have fully argued the facts of the case. After giving the abstracts and arguments full consideration, our conclusion is that we cannot disturb the verdict as being contrary to the evidence.

1. APPEAL : evidence to support verdict.

II. The plaintiff is a married woman, and she was permitted to show that she had a separate business, which she conducted on her own account, and independent of her duties as a housewife. The defendant objected to this evidence, on the ground that there was no claim made in the petition for damages for loss of time, or damage to her business. It is claimed that the overruling of defendant's objection to this evidence was erroneous. It is averred in the petition that ever since said injury plaintiff has "been unable to do or perform any kind of work, labor or service," and "that, by reason of said injuries, the said plaintiff will, for and during the remainder of her natural life, be unable to do or perform any kind of work, labor or service." The plaintiff, being a married woman, could not recover for inability to perform work and labor, unless she had a separate business, independent of her husband. It is very plain that unless she had such separate business the averments of her inability to work and labor would have rendered her petition liable to be assailed by the defendant, as claiming elements of damage for which her husband was alone entitled to recover. It may be that she could have been required, by motion, to make her petition more specific in this respect; but we think, in the absence of such motion, the evidence was correctly admitted.

*2. Personal injury: married woman: loss of service: pleading and evidence.*

III. Counsel for appellant claim that the court erred in permitting a witness to state that the walk was out of repair, without giving the time when and place where the defect existed. The evidence complained of was without prejudice, when considered in connection with all of the testimony given by the witness.

*3. Evidence: harmless error.*

We discover no error in the record, and are united in the conclusion that the judgment should be

AFFIRMED.