# WASHINGTON & OLD DOMINION RAILWAY *v.* SLYDER.

----

APPEAL AND ERROR; EVIDENCE; EXPERTS; TRIAL; OBJECTIONS; CARRIERS; PASSENGERS; NEGLIGENCE; INSTRUCTIONS TO JURY; MISCONDUCT OF COUNSEL; HARMLESS ERROR.

1. Statements by an injured person to a medical expert called to give an opinion in an action by the injured person for damages are, against the objection that statements of that kind are inadmissible when made for the sole purpose of furnishing the expert with information upon which to base an opinion, properly admitted, when there is no evidence that the statements were made solely for that purpose. (Following *Washington, A. & Mt. V. R. Co.* v. *Fincham*, 40 App. D. C. 412.)

2. Failure of counsel to bring to the attention of the trial court the particular part of an instruction, to which he objects, will justify an appellate court in passing by a general exception to the instruction, without consideration, upon an appeal at which, for the first time, counsel points out his specific objection to the instruction, as the most appropriate time for the correction of errors is during the progress of the trial, and it is the duty of counsel to then specify the grounds of an objection.

3. A carrier's responsibility for the safety of a passenger, so far as its agencies are involved, does not end until the passenger has been afforded an opportunity to leave its premises. (Citing *Great Falls & O. D. R. Co.* v. *Hammerly*, 40 App. D. C. 196.)

4. It is the duty of a carrier to exercise the highest degree of care for the safety of its passengers, not only in the act of alighting, but until after such reasonable period of time as would permit them to get into a place of safety after alighting. (Citing *Capital Traction Co.* v. *Lusby*, 12 App. D. C. 295; *Great Falls & O. D. R. Co.* v. *Hill*, 34 App. D. C. 304.)

5. A prayer, in an action against a railroad company by a former passenger, for injuries received by being struck, after alighting from a car, by another car on an adjoining track, that the jury be instructed, as matter of law, that if they should find that the plaintiff, when about to alight, saw or, by the exercise of reasonable care, could have seen the adjoining track and that it was dangerous to alight on that side of the car, and that there were no tracks, and that the depot was on the other side, and it was not dangerous to alight there, and that if, under all the circumstances, his alighting on the former side was contributory negligence, their verdict should be for the defendant, is not applicable to the facts before the jury, and therefore is properly refused, where, so far as the evidence discloses, there was nothing to indicate to the plaintiff that it was dangerous to get off from the side upon which he alighted.

6. A prayer by the defendant, in an action for personal injuries, for an instruction as to the plaintiff's contributory negligence, not applicable to the facts shown by the evidence before the jury, is properly refused,—especially where the court presents to the jury the plaintiff's contributory negligence by an instruction, requested by defendant, more favorable to him than the evidence warrants.

7. Comment by the plaintiff's counsel, in an action for personal injuries, upon the fact that the defendant's counsel prepared an instruction to the jury, that their verdict should be based solely upon the evidence, and that it would be a violation of their oaths as jurors to be influenced by the fact that the plaintiff is an individual, or that the defendant is a corporation, while improper conduct, for the obvious reason that the instruction, when granted, became the law of the case, and counsel preparing it was not subject to criticism for so doing, is not so prejudicial as to justify the granting of a motion to discharge the jury; and, in the absence of a motion that the jury be instructed to disregard the objectionable remarks, the proper motion under the circumstances, an admonition by the court to plaintiff's counsel to be temperate in his argument is sufficient to cure the error.

No. 2711.   Submitted December 11, 1914.   Decided January 4, 1915.

HEARING on an appeal by the defendant from a judgment

of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for personal injuries.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment for the plaintiff, Isadore A. Slyder, appellee here, in the supreme court of the District, for damages for personal injuries.

The plaintiff, accompanied by Mrs. Josephine Mathey, both residents of Washington, on Sunday, April 28, 1912, visited Great Falls, Virginia, purchasing round-trip tickets of the defendant. They returned on defendant's car No. 5, which arrived at "the inclosed terminal of the defendant company at Thirty-sixth and M Streets," at about 8 o'clock in the evening. When this car "arrived at the station," it stopped with its front platform facing north. The rear or south platform had two exit doors, one on the east and one on the west, both of which were open after the car came to a stop. In this inclosed terminal there were two tracks, described as the west and east tracks. The junction of these tracks formed a "V." Car No. 5, on which plaintiff was a passenger, stopped on the west track so near the V-shaped joinder that there was not sufficient room for a car on the east track to pass car No. 5 without striking it. Car No. 3 of the defendant was standing at rest on this east track, about 30 feet north of where car No. 5 stopped on the west track. Plaintiff and his companion remained seated until a majority of the passengers got off. Most of the passengers from the south end of the car got off on the east of the south platform. When plaintiff alighted "he was getting off where the other people were getting on; he did not see anybody get off the other side of the car." When he and his companion got out to the car platform the people in front had about cleared the track, and he stepped to the ground, and the moment his feet touched the ground he raised his hand to assist his companion, who was in the act of getting down, and as he did so there was a flash of electricity, and car No. 3 came down and "side-

swiped" car No. 5, catching the plaintiff between the two cars, and injuring him. The explanation of this occurrence, given at the trial by the defendant, was that its employee, a porter or switchman who customarily changed the headlight by taking it off the "in" end, and putting it on the "out" end of the cars, in making a change at this time, "some way in plugging the headlight, he caused a heavy arc. He did not make the contact good." There was a slight grade from where car No. 3 was standing toward the point of collision, but an engineer of the defendant testified that if the brakes of car No. 3 "were on and in proper condition, a car standing on that grade would stand dead still." After sideswiping car No. 5, car No. 3 ran out of the terminal across M Street, and on to the Potomac river bridge before the motorman, who was on the car at the time it started, but not in position on the front platform, could stop it. The space of time between the flash of electricity and the accident was so short that car No. 3, as the plaintiff testified, "was on him in a flash." The motorman of car No. 3 himself testified that the space between his car and car No. 5 "was so short a space that he did not have time to put on his reverse before he was past No. 5."

Plaintiff called as a witness Dr. Wilfred M. Barton, who, "after qualifying as a practising physician," testified that plaintiff came to his office; that he had plaintiff strip to the waist; inquired as to his family history and his previous history; received an account from him of his injuries, and "then inquired into what he complained of." Thereupon counsel for the defendant objected to the testimony of any conversation between the doctor and the plaintiff, but the court overruled the objection. The witness then said: "I am simply giving an account of this thing as it occurred, chronologically. That is the usual method of taking the history of any case,—to obtain all the information you can from the patient, and by no means to base our opinions upon that entirely, but upon that plus the results of a physical examination; that it all."

*Mr. Wilton J. Lambert* and *Mr. Rudolph H. Yeatman* for the appellant.

*Mr. Frank J. Hogan* and *Mr. Frederick C. Handy* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

The contention is here advanced, and cases cited tending to sustain it, that a mere statement made by a party to a medical expert called to give an opinion upon a case under consideration, when made for the sole purpose of furnishing the expert with information upon which to base an opinion, is not admissible  It is unnecessary to consider this contention, for the reason that there is no evidence upon which to base it.  The language of Mr. Chief Justice Shepard in *Washington, A. & Mt. V. R. Co.* v. *Finsham,* 40 App. D. C. 412, where a similar contention was made, is apposite: "The objection assumes that this examination was made to elicit evidence for use in the trial merely,—an assumption for which there is no foundation in the record.  *  *  *  Had it not been for treatment of the ailment, the fact could and should have been elicited when the witness was under cross-examination.  There was no error in refusing to exclude the evidence." See also *Northern P. R. Co.* v. *Urlin,* 158 U. S. 271, 39 L. ed. 977, 15 Sup. St. Rep. 840; *Fleming* v. *Springfield,* 154 Mass. 520, 26 Am. St. Rep. 268, 28 N. E. 910.

At the request of the plaintiff the court instructed the jury that if they believed from the evidence that the defendant operated, managed, and controlled the railroad and passenger cars mentioned in the declaration, sold plaintiff a ticket, and accepted him as a passenger, it "was bound to use its utmost skill and vigilance, so far as human care and foresight would go, to guard against the possibility of accident from the condition of its machinery, tracks, or electrical appliance used by it in such transportation of the plaintiff, while he was on the defendant's car, and while he was at the point of alighting therefrom, both while in the act of alighting, and for such reasonable period of time as would permit him to get in a place of safety after alighting," and that if the jury believed

from all the evidence that the defendant's failure to use such skill and vigilance resulted in the accident which directly caused the injury to the plaintiff, and that such accident was the reasonable and probable result of defendant's failure to use such skill and vigilance, then the defendant was guilty of negligence.  To the granting of this instruction a general exception was noted.  Counsel for the defendant now for the first time point out their objection to this prayer, and say that while they concede that the defendant was "under the duty to use its utmost skill and vigilance, as far as human foresight would go, to guard against the possibility of accident from the condition of the car in which the plaintiff was a passenger, and the car and tracks and electrical appliances and machinery in relation, thereto, *yet that no such duty is owned to a person after he has alighted from the car."*  The failure of counsel to bring to the attention of the trial court the particular part of this prayer to which they objected would justify us in passing it by without consideration.  *McDermott* v. *Severe, 202 U. S.* 610, 50 L. ed. 1168, 26 Sup. Ct. Rep. 709.  The most appropriate time for the correction of errors is during the progress of the trial, that the delay and expense of a retrial may be avoided.  It therefore is the duty of counsel to point out to the trial court the specific grounds upon which they base their objection.

However, the ground upon which the exception now is based is untenable.  According to all the evidence the plaintiff, when he was injured, had not left the premises of the defendant.  That this was thoroughly understood at the trial is apparent from other portions of the court's charge, in which, without any objection by defendant's counsel, the jury was told that the plaintiff *"had not left the premises of the defendant"* at the time he was injured.  In such a situation the carrier's responsibility for the safety of its passenger, so far as its agencies are involved, do not end until he has been afforded an opportunity to leave its premises.  *Topp* v. *United R. & Electric Co.* 99 Md. 630, 59 Atl. 52, 1 Ann. Cas. 912; *Great Falls & O. D. R. Co.* v. *Hammerly,* 40 App. D. C. 196; *Mellon* v.

*Birmingham R. Light & P. Co.* 153 Ala. 95, 16 L.R.A.(N.S.) 467, 45 So. 151; *Chunn* v. *City & Suburban R. Co.* 207 U. S. 302, 52 L. ed. 219, 28 Sup. Ct. Rep. 63. Moreover, it is not open to question in this jurisdiction that it is the duty of a carrier to exercise the highest degree of care for the safety of its passengers, not only when in the act of alighting, but until after such reasonable period of time as would permit them to get into a place of safety. *Capital Traction Co.* v. *Lusby,* 12 App. D. C. 295; *Great Falls & O. D. R. Co.* v. *Hill,* 34 App. D. C. 304. It would be a curious rule that would hold guiltless a carrier where, as here, in the absence of contributory negligence, it had negligently injured a passenger before he had gotten away from the car from which he alighted.

Defendant requested the court, which request was refused, to instruct the jury, as matter of law, that if they should find that the plaintiff, when about to alight from the car he was riding in, saw, or by the exercise of reasonable care and prudence could have seen, that immediately to the east of that car was another track, "and that it was dangerous to alight on that side, and also saw, or by the exercise of reasonable care and prudence could have seen, that the depot and waiting room of the defendant was on the west, and that there were no tracks of the defendant upon that side, and that it was not dangerous to alight upon that side, and that, with such knowledge, he nevertheless attempted to and did get off from the east side of said car, and that under all the circumstances of the case his action in so doing was negligence which contributed toward the injuries complained of," their verdict should be for the defendant. This prayer was not applicable to the facts before the jury. The evidence showed that the plaintiff alighted from the side from which other passengers were alighting; that the only car to the east was at rest, without anything to indicate that it would move or be moved. In short, so far as the evidence discloses, there was nothing to indicate to the plaintiff that it was dangerous to alight from the east side of the car. The court instructed the jury, however, at the request of the defendant, that even though they should find "that the defend-

ant was guilty of negligence, yet if they further find from the evidence that after the plaintiff alighted from the car on the west track he saw, or by the exercise of reasonable care and prudence could have seen, the car on the east track approaching him, in time to get back upon the car he alighted from before being struck, and that he failed to do so, and that his failure to do so was negligence which contributed toward the injuries sustained by him," their verdict should be for the defendant. This charge was more favorable to the defendant than the evidence really warranted, for the uncontradicted evidence was to the effect that the plaintiff did not have time to get out of the way of the approaching car after he saw it, or by the exercise of reasonable care and prudence could have been expected to see it approaching.

At the request of the defendant the court instructed the jury that their verdict should be based solely upon the evidence and without regard to the parties; that it would be a violation of their oaths as jurors to be influenced by, or to consider to any extent or for any purpose, the fact that the plaintiff was an individual, or that the defendant was a corporation; that it was their duty to permit neither sympathy nor prejudice in favor of or against either of the parties to have any influence upon their verdict. In the course of his argument to the jury, counsel for the defendant read this instruction, and "called the jurors' attention to the fact that they were on oath sworn to try the case on the evidence alone." During his closing argument, counsel for the plaintiff commented on this argument of counsel for the defendant, and alluded to the fact that counsel for the defendant had prepared the instruction. Plaintiff's counsel then proceeded further as follows: "As though the jury did not know they were under oath to try this case upon the evidence; as though the jury were going to forget their oaths as jurors." Thereupon counsel for the defendant moved the discharge of the jury. The court overruled the motion, admonishing counsel for the plaintiff to be "temperate in his argument." The overruling of this motion forms defendant's last assignment of error.

While it was error for counsel to comment upon the fact that defendant's counsel had prepared the instruction in question, for the obvious reason that, the instruction having been granted, it became the law of the case, and counsel preparing it were not subject to criticism for so doing, we do not think the error was so prejudicial as to justify the extreme measure suggested. Counsel for both parties urge upon the jury not to forget their oaths as jurors, and to decide the case upon the evidence. Under the circumstances, we think the motion should have been that the jury be instructed to disregard the objectionable remarks, and not that it be discharged. In the absence of such a motion, we think the court's admonition to counsel for the plaintiff was sufficient.

Judgment affirmed, with costs.                    *Affirmed.*