## SHU v. BASINGER.

### No. 576.

Municipal Court of Appeals for the
District of Columbia.

Jan. 14, 1948.

John F. Cooney, of Washington, D. C.,
for appellant.

Sidney M. Goldstein, of Washington, D.
C., (Joseph D. Bulman, of Washington, D.
C., on the brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff sued for damages resulting from
a collision between his taxicab and defend-
ant's automobile. From a judgment in
favor of plaintiff defendant has appealed.

In view of the general finding for
plaintiff we have to accept the evidence
most favorable to his case. Viewed in that
light the evidence tended to establish the
following facts. The collision occurred
about 5:30 p. m. on February 20, 1947, at
the intersection of Nineteenth Street and
Florida Avenue, Northwest. Snow was on
the ground and was still falling at the time
of the collision. Plaintiff was driving north
on Nineteenth Street. The windshield
wiper on his cab was working, both front
windows were open, and the headlights
were on. As plaintiff approached the inter-
section he came to a complete stop at a stop
sign about 25 feet from the intersection and
looked to his right and left. From that
point he could see approximately 150 to 200
feet east on Florida Avenue to his right.
He saw no car approaching and proceeded
to the intersection where he again looked to
his right, then being able to see a distance
of approximately 200 feet. Not seeing
any approaching traffic on his right he pro-
ceeded into the intersection and when
about one-third across saw defendant's car
approaching from the right, on the left of
the center of the road. Plaintiff brought
his taxicab to a stop but defendant's car
continued and the rear of it struck the front
of the taxicab.

Defendant contends that the trial
court was in error in ruling that he was
negligent and that his negligence was the
proximate cause of the accident. We think
the evidence was ample to support those
findings.

Defendant further contends that even if
he was negligent the evidence shows as a
matter of law that plaintiff was guilty of
contributory negligence.

Automobile collisions at street in-
tersections nearly always present questions
of fact. The credibility of witnesses must
be passed on, conflicting testimony must be
weighed, and inferences must be drawn.
From this conflict and uncertainty the trier
of facts, whether judge or jury, must de-
termine the ultimate facts of the case. Only
in exceptional cases will questions of negli-

gence, contributory negligence and proximate cause pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal.[1]

If, under the circumstances of this case, it be assumed that plaintiff was guilty of negligence as a matter of law in looking and failing to see,[2] there still remains a question of fact whether such negligence was a contributing factor to the collision or whether defendant's driving on the wrong side of the road was the sole and proximate cause. Although the evidence would have supported a finding of contributory negligence on plaintiff's part, we cannot say that as a matter of law the evidence compelled such a finding.

Affirmed.

[1] McWilliams v. Shepard, 75 U.S.App. D.C. 334, 127 F.2d 18; Yellow Cab Co. v. Sutton, D.C.Mun.App., 37 A.2d 655. See also Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916.

[2] Cf. Brown v. Clancy, D.C.Mun.App., 43 A.2d 296; Capital Transit Co. v. Holloway, D.C.Mun.App., 35 A.2d 649. See also Landfair v. Capital Transit Company, App.D.C., 1948, 165 F.2d 255.