## CRUSADE v. CAPITAL TRANSIT CO., Inc.
### No. 737.

Municipal Court of Appeals for the District of Columbia.

Jan. 31, 1949.

Louis Ginberg, of Washington, D. C. (Frederick De Joseph, of Washington, D. C., on the brief), for appellant.

Edwin A. Swingle, of Washington, D. C. (Ernest A. Swingle and Allan C. Swingle, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief · Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff was a passenger on one of defendant's street cars and slipped or fell on the steps of the car as he was leaving it. This action was for damages for personal injuries sustained by the fall. The jury returned a verdict for plaintiff for $2,000,

but on motion of defendant the trial court set aside the verdict and ordered judgment for defendant. Plaintiff has appealed.

The only issue of negligence developed at the trial related to whether defendant failed to have the car and the steps properly lighted. The accident occurred at night and plaintiff testified that as he started down the steps it was "a little darker than usual"; that he took one step and fell; that as he lay on his back he then observed that there was no light over the door; that he inquired about the lights and the motorman said they were "out of order." A witness for plaintiff testified that there were no lights on the right side of the car and no light over the door. Another witness for plaintiff testified that according to his recollection there were no lights on the right side of the car and no light over the door.

▪ Plaintiff's evidence, we think, made out a case for the jury. Defendant, a common carrier, was under the duty of keeping the car and the means of egress properly lighted. The high degree of care owed by a common carrier to its passengers extends to them when boarding and alighting. Washington & O. D. R. Co. v. Slyder, 43 App.D.C. 95; Great Falls & O. D. R. Co. v. Hill, 34 App.D.C. 304, certiorari denied, 216 U.S. 619, 30 S.Ct. 574, 54 L.Ed. 640. Cf. Tobin v. Pennsylvania R. Co., 69 App.D.C. 262, 100 F.2d 435, certiorari denied, 306 U.S. 640, 59 S.Ct. 488, 83 L.Ed. 1040. Plaintiff's evidence presented a question for the jury whether defendant failed to have the exit properly lighted and whether such failure was a proximate cause of plaintiff's injury. It is true that the testimony of plaintiff and his witnesses was flatly and strongly contradicted by numerous witnesses for defendant, but the weight of the evidence and the credibility of witnesses are matters for the jury. We think the court was in error in setting aside the verdict and ordering judgment for defendant. Cf. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142; Simmonds v. Capital Transit Co., 79 U.S. App.D.C. 371, 147 F.2d 570.

▪ Defendant relies heavily on Brown v. Capital Transit Co., 75 U.S.App.D.C. 337, 127 F.2d 329, 330, certiorari denied,

317 U.S. 632, 63 S.Ct. 61, 87 L.Ed. 510. That was also a case of a passenger falling when alighting from a street car. The plaintiff, her only witness, testified to no defect in the platform or steps but said "there must have been something wrong." As the court there said the sum and substance of plaintiff's testimony was that an injury occurred. Here there was positive testimony that there were no lights on the right side of the car and no dome light over the door. If the jury believed this testimony it could find negligence on the part of defendant.

Defendant also contends there was no evidence that faulty lighting, if such existed, was the proximate cause of the injury, since plaintiff did not ascribe his fall to improper lighting or give any reason why he fell. However, if the jury found improper lighting it could also find that such was the proximate cause of the fall. Doctors Hospital, Inc. v. Badgley, 81 U.S.App.D.C. 171, 156 F.2d 569.

Having concluded that defendant's motion for judgment ought not to have been granted, we come to the question of the form of order to be entered by this court. After verdict below defendant under rule 46 of the trial court, patterned after Federal Rules of Civil Procedure, rule 50, 28 U.S.C.A., moved for a new trial or for judgment notwithstanding the verdict. When the court granted the motion for judgment it denied the motion for new trial. Whether the motion for new trial was denied after due consideration or was denied automatically because of the granting of the motion for judgment does not appear.

The proper procedure by a trial court with respect to an alternative motion for a new trial, when it grants a motion for judgment, has been the subject of some confusion in the federal courts. See Pessagno v. Euclid Inv. Co., Inc., 72 App.D.C. 141, 112 F.2d 577; Pruitt v. Hardware Dealers Mut. Fire Ins. Co., 5 Cir., 112 F.2d 140. The Supreme Court in Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 195, 85 L.Ed. 149, eliminated some of that confusion. It held that although the two motions may be made in the alternative each motion has its own office; that

the granting of a motion for judgment does not have the effect of an automatic denial of a motion for a new trial; that if alternative prayers are presented the trial judge should rule on the motion for judgment and, whatever his ruling on that motion, should also rule on the motion for a new trial, "indicating the grounds of his decision"; and may grant the motion for judgment and also in the alternative grant the motion for a new trial.

The Supreme Court's ruling did not entirely eliminate all confusion on the subject. See Allegheny County v. Maryland Casualty Co., 3 Cir., 132 F.2d 894, certiorari denied 318 U.S. 787, 63 S.Ct. 981, 87 L.Ed. 1154, and cf. McIlvaine Patent Corp. v. Walgreen Co., 7 Cir., 138 F.2d 177, and Binder v. Commercial Travelers Mut. Acc. Ass'n., 2 Cir., 165 F.2d 896.[1] However, it is clear that when the alternative motions are made the trial court must act upon each and granting of the motion for judgment is not ground for summarily denying motion for new trial. A motion for judgment presents only questions of law. A motion for new trial often raises matters resting in the discretion of the trial court. In the instant case two grounds assigned for the motion were that the verdict was against the weight of the evidence and that the damages awarded were excessive. Neither of these grounds would support the motion for judgment but the court might in its discretion grant a new trial on these grounds. Thus a trial court may feel that if it be in error as a matter of law in granting the motion for judgment, then in the exercise of its discretion it would grant a new trial.[2] Therefore, it is necessary that in acting on the motion for new trial the court should indicate its reasons therefor. Here the court acted on the motion for new trial by denying it but indicated no reasons for its action. We cannot tell from the record whether the trial court would or would not have granted the motion for new trial had it not concluded that the motion for judgment should be granted. Under these circumstances we think the motion for new trial should be reinstated and the trial judge afforded an opportunity to consider that motion anew and in his judgment to deny or grant said motion.[3]

Judgment reversed with instructions to reinstate the verdict of the jury and to reinstate and consider the motion for new trial.

---

[1] See also Advisory Committee's recommended but unadopted amendment to F.R.C.P. 50, 5 F.R.D. 433, 468, and Judge Wyzanski's remarks in Momand v. Universal Film Exchange, D.C.Mass., 72 F. Supp. 469, 483.

[2] For example, see procedure followed by Judge Chesnut in Bopst v. Columbia Casualty Co., D.C.Md., 37 F.Supp. 32

[3] Cf. General American Life Ins. Co. v. Central National Bank, 6 Cir., 136 F.2d 821; Railway Exp. Agency, Inc. v. Mallory, 5 Cir., 168 F.2d 426, dissenting opinion of Judge Sibley, certiorari denied 69 S.Ct. 48; Bartron v. Northampton County, 342 Pa. 163, 19 A.2d 263.