## LEWIS v. SHIFFERS.

No. 804.

Municipal Court of Appeals for the District of Columbia.

Argued May 23, 1949.

Decided June 21, 1949.

---

270

Foster Wood, Washington, D. C., with whom H. G. Warburton, Washington, D. C., was on the brief, for appellant.

Dorsey K. Offutt, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff sued for personal injuries and property damages resulting from an automobile collision. The jury awarded her $900 and defendant took this appeal.

The evidence was to the following general effect. Plaintiff, Mrs. Shiffers, was driving southwest on Columbia Road, N. W., an arterial highway, at about 15 to 18 miles per hour. She was driving near the center lane of the street with the left wheels of her car inside the streetcar tracks. She was in a line of cars moving in the same direction, the hour being 8:15 a. m. when traffic on that street is heavy. It was also disclosed that there were parked cars on the west side of the street, and that it was raining heavily at the time.

As Mrs. Shiffers entered the intersection of Columbia and Kalorama Roads she noticed defendant's car on Kalorama Road driving slowly past a stop sign. She did not see this car stop, but testified she assumed that it would. The collision then happened. Defendant Lewis was making a left hand turn to go northeast on Columbia Road. The collision was almost head-on, with Mrs. Shiffers' car being hit at the right front wheel and fender. The front bumper of the Lewis car was bent in at its approximate center.

Defendant testified that he stopped at the stop sign, and because of the heavy Columbia Road traffic waited there about 3 or 4 minutes; that when there was a break in the stream of traffic he pulled into the intersection very slowly, looked both ways and saw no cars approaching, proceeded to make his full turn into Columbia Road, and before he could do anything the plaintiff's car "was right at me. I slammed on my brakes, and her right front wheel hit my front bumper * * *." He testified that as he left the stop sign he was moving at 2 or 3 miles per hour, and as he got into Columbia Road he increased his speed to about 7 miles per hour.

There was conflicting evidence as to the exact point of collision, the several witnesses having marked the approximate spot on a blackboard diagram which was before the jury. A police officer testified that there was some dirt in the middle of the intersection which presumably had been jarred loose from one of the cars. (Both cars had been moved to the side of the street before the police arrived.) But there was no testimony as to whether this was already there, or whether it came from either of the cars, and if so from what part thereof. Visibility of both drivers was impaired not only by the heavy rain that was falling and the line of parked cars along Columbia Road, but also by an embankment on the northwest corner of the intersection. Defendant admitted that he had no vision in his left eye (the direction from which plaintiff was approaching the intersection).

■ Defendant assigns as error the refusal of the trial judge to grant a directed verdict at the close of plaintiff's case and at the end of the entire case. We think however the contention cannot be sustained. "Automobile collisions at street intersections nearly always present questions of fact. The credibility of witnesses must be passed on, conflicting testimony must be weighed, and inferences must be drawn. * * * Only in exceptional cases will questions of negligence, contributory neg-

ligence and proximate cause pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal." [1] The evidence as to the relative speeds, the degree of visibility, opportunity to see and failure to see, opportunity to avoid the collision, violation of traffic ordinances, the point of impact and respective rights of way, all bearing directly on the existence or non-existence of negligence presented such a factual problem. Consequently the trial judge was right in refusing to take the case from the jury. [2]

■ Defendant argues, however, that the verdict was contrary to the physical facts disclosed by plaintiff's own testimony. He argues that if plaintiff was already in the intersection when she first saw his car passing the stop sign, at the speed she was maintaining the collision would have been a physical impossibility, by mathematical computation. But these arguments are predicated largely upon the theory that the collision was in the center of the intersection, a fact, as pointed out above, which the evidence left in doubt. And we note that the speeds of the two cars were only estimated, that most of the plaintiff's car was to the west or right side of the car tracks, and that the intersection is not right-angled but rather that Columbia Road runs in a northeast-southwest direction. The jury had before it photographs, diagrams, and models, as well as the verbal testimony we have recited. All of this taken together presented a typical case for jury consideration.

■ Nor did plaintiff's testimony establish contributory negligence as a matter of law. Appellant contends that plaintiff's failure to stop after she had entered the intersection and after seeing appellant drive slowly past a stop sign establishes contributory negligence. But we rule that plaintiff could assume that an automobile approaching on an intersecting street would comply with the law. [3]

[1] Shu v. Basinger, D.C.Mun.App., 57 A.2d 295; see also Eclov v. Dalton, D.C.Mun.App., 38 A.2d 661, and cases cited.

[2] Brooks Transp. Co. v. McCutcheon, 80 U.S.App.D.C. 406, 154 F.2d 841; Wohlstetter v. Capital Transit Company, D.C.Mun.App., 62 A.2d 797.

[3] Herndon v. Higdon, D.C.Mun.App., 31 A.2d 854, and cases cited.

■ Appellant says the court erred in its refusal to strike certain testimony on the issue of damages. This was in relation to the pay of an extra employee whom plaintiff hired to help her in her shop because of the injury resulting from the collision. In her complaint the plaintiff cited "large expenses for repairs to her automobile, loss of use of said automobile, medicines, etc. * * *" She did not make a separate claim for the item of extra wages. Plaintiff testified at some length as to amounts paid the extra employee. Defense counsel made no objection thereto, and proceeded to a thorough cross-examination of the plaintiff on the subject. At his instance, indeed, plaintiff produced at the next day's session her time records, and defense counsel again examined her with great care as to the dates and amounts involved. Then, at the close of plaintiff's case, he moved to strike the testimony on the ground that the item had not been separately claimed in plaintiff's complaint. Under these circumstances we think the trial judge was not required to grant the motion to strike.

■ This is not a situation where an answer was unresponsive, or where testimony was received inadvertently, or blurted out before counsel had a chance to object. Here the evidence to which the motion to strike was addressed was not only received without objection, but was in large part developed by defendant's counsel himself. One cannot speculate on allowing evidence to be introduced, and participate in developing it, and then, when it proves unfavorable demand that it be stricken.[4]

■ Another assignment of error relates to the judge's refusal to grant a certain instruction requested by the defense. The assignment has no merit, for the charge as set out in full in the transcript covered every issue in the case, fully, fairly and accurately.

Affirmed.

[4] Buchner Loan Co. v. Bicher, 221 Mich. 198, 190 N.W. 670. See also Globe Furniture Co. v. Gately, 51 App. D.C. 367, 279 F. 1005; Dickens v. City of Des Moines, 74 Iowa 216, 37 N.W. 165.