### McKNIGHT v. BRADSHAW et al.

### No. 1193.

Municipal Court of Appeals
District of Columbia.

Argued March 24, 1952.

Decided April 14, 1952.

826

Ruffin A. Brantley, Washington, D. C., for appellant.

Joseph S. McCarthy, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Appellant McKnight sued for damages arising from a collision between his automobile and a truck owned by defendant Bradshaw and operated by defendant Davis. The trial court found negligence on the part of both drivers and entered judgment for defendants. Plaintiff brings this appeal, contending that he was entitled to recover as a matter of law.

The collision happened in the daytime at the intersection of 16th Street and Potomac Avenue, Southeast, an intersection not controlled by traffic lights or stop signs. There was no evidence of independent factors such as adverse weather conditions, obstructions, or other moving traffic affecting the sequence of events. According to plaintiff he was driving at approximately 20 to 23 miles per hour and defendant Davis, when first seen, was traveling "fast." The defendants' version was that Davis was driving at 20 miles per hour and the plaintiff's speed was 30 miles per hour. Plain-

tiff's evidence seemed to indicate that at the moment of the impact the two vehicles were traveling at right angles to each other and that the force of the collision swung his car around. On the other hand, defendants' evidence was that the vehicles were traveling approximately in the same direction when the collision occurred; that the plaintiff appeared to be turning his vehicle hard to the right; that defendant Davis assumed that plaintiff was about to make a right turn and had plaintiff done so Davis assumed that "he could pass him all right", but it appeared that plaintiff changed his mind at the last moment and decided to go straight on 16th Street.' There was also a conflict in the evidence as to the relative positions of the two vehicles just prior to the accident.[1]

On the evidence as we have just summarized it, it is clear that the ultimate issues were factual ones. As we have said in two very recent cases the question of negligence is usually one of fact, and it becomes a question of law only when there is no dispute as to the material facts and when no conflicting inferences may reasonably be drawn from the facts. Kuzminsky v. Wagner, D.C.Mun.App., 87 A.2d 411; Dohoney v. Imperial Insurance Inc., D.C. Mun.App., 87 A.2d 412. Here the evidence was sharply in conflict as to most of the features of the case including speed, relative distances and directions. The inferences which could have been drawn from the evidence were equally conflicting.

Appellant cites Article IX, Section 46(b) of the D. C. Motor and Traffic Regulations which reads: "When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." From this he argues that he was entitled to assume that the defendant approaching from his left would comply with the law.[2] But the right-of-way regulation

1. There are several diagrams in the record purporting to represent the relative positions of the vehicles at various stages in the sequence of events. These were copied from a blackboard that some of the witnesses used to illustrate their oral testimony. Rather than resolving any conflicting evidence, the diagrams themselves emphasize the conflict.

2. Lewis v. Shiffers, D.C.Mun.App., 67 A.2d 269.

"is relative and not absolute in character, and must be applied according to the circumstances of the case." Bland v. Hershey, 60 App.D.C. 226, 50 F.2d 991. And we have held that one having the right-of-way is not absolved of the duty of exercising reasonable care in entering an intersection. Herndon v. Higdon, D.C.Mun. App., 31 A.2d 854.

Affirmed.