**LAMPIRIS**

v.

**CAPITAL TRANSIT CO. et al.**

No. 1512.

Municipal Court of Appeals for the District of Columbia.

Argued July 7, 1954.

Decided July 28, 1954.

Charles S. Iversen, Washington, D. C., with whom James A. Willey and James A. Crooks, Washington, D. C., were on the brief, for appellant.

William J. Donnelly, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Plaintiff's automobile was struck and damaged by a Capital Transit streetcar operated by one Spindler. Sitting without a jury, the trial court found for the defendants and this appeal follows.

The collision occurred at 14th and Corcoran Streets. The driver of plaintiff's car, one Richardson, was endeavoring to find a parking space and was circling the block. As he turned left onto 14th Street from R Street, he noticed a streetcar headed south waiting for the light to change. He testified that he drove south on 14th Street on the southbound streetcar tracks intending to turn left onto Corcoran Street. He testified that as he approached Corcoran Street he stopped in the intersection in order to permit northbound traffic to clear the intersection; that his automobile was partially turned to the left with the right rear corner protruding onto the southbound car tracks; and that after standing there for about 15 seconds, he heard a bell clang and felt an impact.

Spindler, the operator of the streetcar testified that he was proceeding south on 14th Street at about 10 miles per hour; that his attention was first attracted to the plaintiff's automobile as it passed him on his right when the streetcar was about 50 feet north of the intersection; that when he was about 20 feet from the intersection plaintiff's automobile suddenly swung onto the tracks directly in front of the streetcar without giving any hand signal and that he observed no turn indicator light flashing. He applied the emergency brake and came to an abrupt stop but could not avoid striking the automobile, damaging the right rear fender and tail light. He also testified that the automobile was stopped when he struck it and had been so stopped from 8 to 10 seconds before the collision, and that after the collision, Richardson, the driver of the automobile got out and ran into a gasoline station on the corner, reappeared shortly thereafter with another man, and when they returned, the driver reached into the automobile and turned on the left turn signal indicator. Spindler also testified that when the police arrived the person who accompanied Richardson back from the gasoline station attempted to convince the officers that he and not Richardson had been driving the vehicle.

Plaintiff contends that the court erred in finding for the defendants because by the use of simple mathematical calculations it can be seen that the testimony of Spindler as to the speed of the streetcar and as to the length of time plaintiff's automobile was standing still was so inconsistent and conflicting that the court could not possibly have used such testimony as a basis for finding Richardson guilty of negligence. With this we cannot agree. As we have stated on many occasions, negligence and contributory negligence are generally questions of fact and "testimony as to time, speed and distance is usually

approximate * * *."[1] The motorman's statement that plaintiff's automobile was stopped from 8 to 10 seconds before the collision was obviously only an approximation. Standing alone this testimony would be inconsistent with the finding of negligence on plaintiff's part, but when it is considered with the rest of his testimony there is sufficient evidence to support the judgment of the trial court. This case, like most collision cases, has to be decided from a review of all the facts, and we cannot say that the trial court was plainly wrong or that the record does not contain substantial evidence to support the finding.

Affirmed.

1. See Kuzminsky v. Wagner, D.C.Mun. App., 87 A.2d 411, 412, and cases there cited.

