Mary E. READING, Appellant,

v.

Harold R. FAUCON, Appellee.

No. 1985.

Municipal Court of Appeals for the District of Columbia.

Argued May 20, 1957.

Decided July 30, 1957.

John Joseph Leahy, Astoria, N. Y., for appellant.

William H. Clarke, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In this action, arising out of an automobile collision at an uncontrolled street intersection, both parties sought damages on account of the alleged negligence of the other. A jury returned a verdict for plaintiff, but the trial court granted defendant's motion for judgment notwithstanding the verdict and at the same time granted the alternate motion for new trial. Plaintiff has appealed.

The question of the timeliness of the appeal has been raised. Four days aft-

er entry of judgment n. o. v. plaintiff filed a motion to "reinstate verdict of jury." Within ten days after denial of this motion notice of appeal was filed. Our rule 27(d) provides that a timely motion to vacate a judgment stays the running of the time for taking an appeal until disposition of such motion. The motion to reinstate the verdict in effect was one to vacate the judgment n. o. v. We think the motion was proper and came within the purview of rule 27(d); and that until disposition of the motion the time for appeal did not commence. We hold the appeal was timely taken.

The merits of the appeal question (1) the propriety of the judgment n. o. v. and (2) the propriety of the grant of a new trial. The first point requires a review of the evidence.

The collision occurred at noon on a day when the weather was clear and the pavement dry. Plaintiff testified that she was traveling West on A Street, Northeast, and that when she reached the intersection of Fifth Street (where the collision took place) she brought her vehicle to a complete stop. Looking to her left she observed defendant's car approaching on Fifth Street at a distance of approximately 100 feet. Believing she had "plenty of room" plaintiff proceeded into the intersection "and at first, looked the other way and there was nobody on the street except Mr. Faucon and myself." When plaintiff got into the intersection she "looked back and he (Faucon) was almost on me, and I started to apply my brakes, and then tried to turn to avoid him and the accident happened." She testified that the Faucon car hit her vehicle a glancing blow, whereupon she came to an immediate stop and defendant's car continued for some distance, collided with a parked car and came to rest. She estimated defendant's speed as being between 40 and 50 miles per hour, stating she "knew he was coming fast, because he got to the intersection so quickly." On cross-examination she testified that she was

sure defendant did not apply his brakes "because he didn't slow down."

Defendant's testimony was that he was driving North on Fifth Street at a speed of between 20 and 25 miles per hour; that before reaching the intersection he slowed down and looked to his right at which time he observed the Reading car "up the street," but did not notice its speed; that he then looked in the other direction, and seeing nothing coming, "pushed on the gas and went on." He testified that the next thing he knew "I looked out the window and I saw the front of her car just about to hit mine." According to defendant, plaintiff's car did the striking and because of the impact, which was "very severe," he lost control of the car. On cross-examination defendant stated before entering the intersection he saw that plaintiff was "a safe distance away" traveling at "a normal rate of speed."

The only other witness at trial was the police officer who investigated the accident. In addition to testifying as to the position of the vehicles when he arrived at the scene, he testified that there was no evidence of skid marks, and that in his opinion (based upon the extent and type of damage) plaintiff's car did the striking.

The record contains no statement by the trial court of its reason for granting judgment n. o. v., but briefs of both parties indicate that the trial court announced that plaintiff was contributorily negligent. A motion for judgment n. o. v. raises only questions of law, and if the trial court ruled plaintiff was barred from recovery because of her contributory negligence, the effect of this ruling was that as a matter of law plaintiff was guilty of contributory negligence.

We have frequently held, and such is the general rule, that ordinarily negligence and contributory negligence are questions of fact, and become questions of law only when there is but one reasonable in-

ference which may be drawn from undisputed facts.[1]

In the recent case of Mitchell v. Allied Cab Co., D.C.Mun.App., 133 A.2d 477, and in the earlier case of Brown v. Clancy, D.C. Mun.App., 43 A.2d 296, we held there was contributory negligence as a matter of law. Both of those cases, like the present one, involved intersectional collisions, but in each of those cases the plaintiff testified he looked but did not see that which was obvious. We held that a motorist must do more than look—he must look observantly and with effect; and if he does not see what is there to be seen, the law will declare him contributorily negligent.

■ The present case differs from the Mitchell and Brown cases. Here the plaintiff looked and saw the other car and then proceeded into the intersection. In view of the testimony above outlined her negligence, or lack thereof, was clearly a question of fact and not of law. It was error to grant judgment n. o. v.

■ Plaintiff also says the trial court was in error in granting a new trial. She argues that defendant asked for judgment n. o. v. or in the alternative for a new trial, and that since judgment was granted, the grant of a new trial was in excess of the relief requested. This argument misconstrues the purpose of the trial court's rule 50(b), substantially the same as Federal

Rule of Civil Procedure 50(b), 28 U.S.C.A. Under that rule when alternative relief is sought, the trial court not only may, but should act upon both motions.[2] The procedure of the trial court was correct except that in granting the new trial it failed to state the ground therefor. This should have been done,[3] because on appeal such as this we have jurisdiction to review the action of the trial court on both motions.[4] Without a statement of the ground for its decision, we are unable to determine whether the new trial was granted for some supposed error of law occurring during the trial, or whether it was granted on some discretionary ground.

■■ However, the failure to state the ground for the grant of a new trial does not, under the circumstances of this case, require a remand for that purpose. We think it rather obvious that the trial court felt that if it was wrong in granting judgment n. o. v., a new trial should be granted on the ground that the verdict was contrary to the evidence (one of the grounds advanced in support of the motion). A trial court may grant a new trial on that ground, and its action in so doing is discretionary and subject to review only for abuse of discretion.[5] We find no abuse of discretion.

The judgment is reversed and the case remanded for a new trial pursuant to the order of the trial court.

1. Cox v. Pennsylvania R. Co., D.C.Mun. App., 120 A.2d 214; Lampiris v. Capital Transit Co., D.C.Mun.App., 107 A.2d 124; Wohlstetter v. Capital Transit Co., D.C. Mun.App., 62 A.2d 797; Shu v. Basinger, D.C.Mun.App., 57 A.2d 295; Wright v. Capital Transit Co., D.C.Mun.App., 35 A.2d 183.

2. Moore v. Capital Transit Co., 96 U.S. App.D.C. 335, 226 F.2d 57, certiorari denied 350 U.S. 966, 76 S.Ct. 434, 100 L. Ed. 839; Crusade v. Capital Transit

Co., D.C.Mun.App., 63 A.2d 878, 8 A.L.R. 2d 229.

3. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147.

4. Cox v. Pennsylvania R. Co., D.C.Mun. App., 120 A.2d 214.

5. A trial judge may "and he alone can" grant a new trial "because he thinks the verdict is wrong, though supported by some evidence." Marsh v. Illinois Central R. Co., 5 Cir., 175 F.2d 498, 500.