Norman Frank VICKLESS, Appellant,

v.

MACAL MOTORS, INC., a corporation, T/A Cranson Motor Company, Appellee.

No. 2497.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 11, 1960.

Decided May 5, 1960.

George Sanford Jordan, Washington, D. C., with whom Sol Friedman and Leonard L. Lipshultz, Washington, D. C., were on the brief, for appellant.

James C. Gregg, Washington, D. C., with whom Hugh Lynch, Jr., and Charles E. Channing, Jr., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case arose from an automobile collision at the intersection of two Washington streets. Appellant's car was struck by appellee's car.

Appellant filed suit for personal injuries and property damage and the jury decided in his favor. After denying a motion for directed verdict, the trial court granted appellee's motion for judgment n. o. v., or, alternatively, a new trial. The court held, in effect, that appellant was contributorily negligent as a matter of law. That ruling is a basic error assigned. The question presented is whether the court was correct in its determination.

■ In this jurisdiction it has for years been the law that negligence and contributory negligence are factual questions to be resolved by the jury, not the court, and that they become questions for the court's determination when only one reasonable conclusion can be drawn.[1] We feel the evidence in this case admits only one conclusion concerning contributory negligence.

■ The crucial point in appellant's testimony was his admission that he proceeded into an intersection on a street controlled by a stop sign, which he did not see. Thus he failed to stop for traffic on what was, to him, the favored street. Pertinent traffic regulations required a complete stop before entering the intersection.

1. See Howes v. District of Col}umia, 1894, 2 App.D.C. 188; Burch v. Baltimore & P. Railway Co., 1894, 3 App.D.C. 346, 26 L.R.A. 129; Reading v. Faucon, 1957, D.C.Mun.App., 134 A.2d 376.

Unquestionably, appellant's negligent failure to stop contributed to the collision which followed. It is clear that the trial court did not err in granting appellee's motion.[2]

We have considered the other points raised but in view of our decision, it is not necessary to discuss them.

Affirmed.

---

2. See generally, Mitchell v. Allied Cab Co., 1957, D.C.Mun.App., 133 A.2d 477.

