Charles H. GOBER, Appellant,

v.

YELLOW CAB COMPANY OF D. C., INC.,
a corporation, and Bernard Felix
Campbell, Appellees.

No. 2801.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 6, 1961.

Decided Sept. 25, 1961.

Milton Heller, Washington, D. C., for appellant.

Charles Jay Pilzer, Washington, D. C., with whom Harvey A. Jacobs and Hubert M. Schlosberg, Washington, D. C., were on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Re-

tired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

In this automobile collision case a jury decided in favor of plaintiff and awarded him damages. The trial judge granted defendants' motion for judgment n. o. v., and that ruling is here for review.

Plaintiff was operating his automobile east on L Street, N. W., at its intersection with New Jersey Avenue. He testified without contradiction that he stopped for a stop sign, proceeded slowly into the intersection and then stopped again to observe New Jersey Avenue traffic. Defendants' taxicab, traveling north on New Jersey Avenue, struck plaintiff's car at the right rear fender and knocked or drove it some 24 feet onto the north curbing. Plaintiff's version was that after stopping at the stop sign he looked and saw the taxicab and another car about half a block away and was sure he could finish crossing the intersection in safety and proceeded at 5 or 6 miles an hour, but that the taxicab, from which he heard a squeal of brakes, bore down and struck his car. The version of the taxicab driver was that he had slowed down to about 15 miles an hour as he entered the intersection and that plaintiff suddenly shot in front of him, and that he applied his brakes but did not have time to stop. A passenger in the taxicab testified that though she did not know the actual rate of speed, "Just before the accident and during the whole ride, I felt the driver was going too fast;" and "was going faster than safety warrants." A police officer testified as to layout and measurements, skid marks of the taxicab and related matters.

We hold it was error to override the jury's verdict. Cases of this type nearly always present questions of fact. "Only in exceptional cases will questions of negligence, contributory negligence and proximate cause pass from the realm of fact to one of law." Shu v. Basinger, D.C.Mun. App., 57 A.2d 295. This proposition has

916

been consistently stated and applied by this court in other decisions. Tan Top Cab Co. v. Shiller, D.C.Mun.App., 125 A.2d 68; Cox v. Pennsylvania R. Co., D.C.Mun.App., 120 A.2d 214; Custom Taxicabs v. Hatch, D.C.Mun.App., 110 A.2d 690; McKnight v. Bradshaw, D.C.Mun.App., 90 A.2d 825; Lewis v. Shiffers, D.C.Mun.App., 67 A.2d 269. Cf. Mitchell v. Allied Cab Co., D.C. Mun.App., 133 A.2d 477.

On the evidence in this case reasonable men may differ as to the facts and as to resulting inferences, bearing on the questions of negligence and contributory negligence and also on the question of proximate cause. These were properly submitted for jury decision and such decision should not have been disturbed.

Reversed with instructions to reinstate verdict of jury and to enter judgment for plaintiff.