**Gloria F. HOLMES, Appellant,**

v.

**John W. STAHL, Appellee.**

**No. 3197.**

District of Columbia Court of Appeals.

Argued March 25, 1963.

Decided April 19, 1963.
As Modified May 7, 1963.

Stanley A. First, Washington, D. C., for appellant.

James A. Belson, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

In this automobile collision case a jury awarded damages to plaintiff. Thereafter, on defendant's motion, the trial court set the verdict aside and ordered judgment for defendant, n. o. v. The collision was in an uncontrolled intersection. Plaintiff was driving west on Upshur Street and defendant was driving south on Eighteenth Street.

Defendant struck plaintiff's car broadside within the intersection of those two streets.

The testimony as to the collision was extensive and conflicting. Plaintiff testified that as she approached the intersection she reduced her speed, looked both ways and saw no cars approaching; that upon entering the intersection she observed defendant's auto 30 to 40 feet to her right on Eighteenth Street; that it seemed to be coming fast; and that she thought she could proceed through safely. On cross-examination she said it would have been dangerous to stop as she was already into the intersection. She also testified that immediately following the accident the defendant said, "I am sorry. I saw you coming but I could not stop. My brakes must have failed." A passenger in plaintiff's car testified that the defendant was traveling 30 to 35 m. p. h. and that the impact of the collision spun plaintiff's car around. Defendant testified that his car was approaching the intersection from a downgrade; that his brakes were in good working order; that he first saw plaintiff's auto when both were 50 feet from the intersection and approaching at the same rate of speed; and that he immediately put his foot on the brake but the car did not slow down as it should have. The investigating officer testified that defendant laid down 32 feet of skid marks; that defendant said he had first seen plaintiff from a distance of 50 to 60 feet; and that plaintiff said she had first seen defendant from a distance of 50 feet.

At the conclusion of the evidence the court denied defendant's motion for directed verdict, and as we have said, the jury found for plaintiff. The effect of the order grant-ing judgment n. o. v. was to hold that plaintiff was contributorily negligent as a matter of law, and that such was a bar to recovery despite the negligence of the defendant.

■ Ordinarily questions of negligence and contributory negligence are questions of fact and become questions of law only when one reasonable inference can be drawn from undisputed facts.[1] Intersectional collision cases of this type nearly always present questions of fact.[2] It is the exceptional case that does not.[3] Where there is testimony of attentive observation of the circumstances prior to entering the intersection, the question of negligence is clearly one of fact and not law.[4]

■ The evidence in this case was such that reasonable men could differ as to the facts and inferences bearing on the question of negligence, contributory negligence and proximate cause. It was within the province of the jury to resolve those questions by passing on the credibility of the witnesses and weighing the conflicting testimony.[5] The jury's verdict should not have been disturbed.

■ Defendant contends that by virtue of a Traffic Regulation he, as the driver on the right, had the right-of-way and plaintiff's failure to yield was therefore the proximate cause of the accident. But it has long been settled that such right-of-way is not absolute;[6] it is relative, and must be applied according to the circumstances of the case,[7] and one having the right-of-way is still required to use reasonable care when entering an intersection.[8]

1. Tan Top Cab Co. v. Shiller, D.C.Mun. App., 125 A.2d 68; Cox v. Pennsylvania R. Co., D.C.Mun.App., 120 A.2d 214; Custom Taxicabs v. Hatch, D.C.Mun.App., 110 A.2d 690; McKnight v. Bradshaw, D. C.Mun.App., 90 A.2d 825; Lewis v. Shiffers, D.C.Mun.App., 67 A.2d 269; cf. Mitchell v. Allied Cab Co., D.C.Mun.App., 133 A.2d 477.

2. Gober v. Yellow Cab Company of D. C., Inc., D.C.Mun.App., 173 A.2d 915.

3. Shu v. Basinger, D.C.Mun.App., 57 A. 2d 295.

4. Reading v. Faucon, D.C.Mun.App., 134 A. 2d 376.

5. Shu v. Basinger, supra.

6. Bland v. Hershey, 60 App.D.C. 226, 50 F.2d 991.

7. McKnight v. Bradshaw, supra.

8. Herndon v. Higdon, D.C.Mun.App., 31 A. 2d 854.

Defendant lists a number of circumstances which he says indicate that plaintiff was negligent. On paper these seem impressive; but they were not impressive enough to persuade the jury, and we are clear in our view that this was a case for jury decision.

Reversed with instructions to reinstate the verdict and to hear and act upon the motion for new trial.

HOOD, Chief Judge (dissenting).

I agree that the ordinary intersectional automobile collision case presents questions of fact on the issues of negligence and contributory negligence; but I believe the present case is an exception to the general rule and that the trial court was required to rule that plaintiff's own testimony established contributory negligence on her part as a matter of law. Taking this view, I am not concerned with the question of the defendant's negligence.

According to plaintiff's own testimony she was traveling at 25 miles an hour and reduced her speed to 18 or 20 miles an hour as she approached the intersection, and looked both ways and saw no approaching traffic; as she entered the intersection she saw defendant's automobile approaching on her right about 30 or 40 feet away "coming fast"; she did not apply her brakes or change her direction or speed, but proceeded across the intersection because she thought she "was safe."

In short, plaintiff saw defendant's automobile 30 or 40 feet away, coming at a fast rate, and made no effort whatever to avoid the collision, placing the whole burden of preventing the accident on defendant. The driver of an automobile is under a duty to use reasonable care for his or her own safety, and in my judgment plaintiff's testimony established beyond question that she failed to use such care. I would affirm.

One further point requires comment. Coupled with the motion for judgment n. o. v. was a motion in the alternative for a new trial. The trial court should have acted on both motions and it appears that it did so act, granting the motion for new trial in the event the judgment n. o. v. was reversed, but by later order struck out the reference to its previous action on the motion for new trial. As the record now stands no action has been taken on the motion for new trial. If the judgment n. o. v. is to be reversed, it should be with direction to the trial court to consider and act upon the motion for new trial.[1]

1. See Crusade v. Capital Transit Co., D.C. Mun.App., 63 A.2d 878, 8 A.L.R.2d 229; Cox v. Pennsylvania Railroad Company, D.C.Mun.App., 120 A.2d 214; Reading v. Faucon, D.C.Mun.App., 134 A.2d 376; Ackerhalt v. Smith, D.C.Mun.App., 141 A. 2d 187.