**Miaisha T. MIDDLETON, Plaintiff,**

v.

**ISTITHMAR HOTELS WASHINGTON LLC, et al. Defendants.**

**Civil Action No. 13-559 (RMC)**

United States District Court, District of Columbia.

Signed February 2, 2015

92

Charles C. Parsons, Charles C. Parsons & Associates, Chtd., Washington, DC, for Plaintiff.

Barry Donald Trebach, Michael Lawrence Pivor, Bonner Kiernan Trebach & Crociata, LLP, Washington, DC, for Defendants.

**ORDER**

ROSEMARY M. COLLYER, United States District Judge

Defendants Istithmar Hotels Washington LLC and W Hotel Management, Inc., have moved for summary judgment [Dkt. 32] on the grounds that Plaintiff Miaisha Middleton was contributorily negligent as a matter of law when she tripped and fell down a stair in the lobby of the W Hotel, in Washington, D.C. Plaintiff opposes the motion, arguing that Defendants installed a dangerous step and "dazzling art and ornaments" in the lobby, which were "an open and obvious danger." Pl. Opp. [Dkt. 34] at 1.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is properly granted against a party who "after adequate time for discovery and upon motion ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. However, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C.Cir.1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in

its favor. *Id.* at 675. In the end, the district court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52, 106 S.Ct. 2505. "If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate." *Stehn v. Cody*, 962 F.Supp.2d 175, 178 (D.D.C.2013) (citing *Moore v. Hartman*, 571 F.3d 62, 66 (D.C.Cir.2009)).

 ▪ "The District of Columbia is one of the few jurisdictions in which the claimant's contributory negligence can act as a complete defense to the defendant's liability for negligence." *Jarrett v. Woodward Bros., Inc.*, 751 A.2d 972, 985 (D.C.2000). "Contributory negligence is the failure to act with the prudence demanded of an ordinary reasonable person under like circumstances." *Stager v. Schneider*, 494 A.2d 1307, 1311 (D.C.1985). "To establish contributory negligence, the party asserting the defense must prove by a preponderance of the evidence that the opposing party's negligence was a substantial factor in causing his or her injury, and that the injury or damage was either a direct result or a reasonably probable consequence of the negligent act or omission." *Durphy v. Kaiser Found. Health Plan of Mid–Atlantic States, Inc.*, 698 A.2d 459, 465 (D.C. 1997). "[T]he defense of contributory negligence requires a determination of what the plaintiff should have known and acted upon in the exercise of reasonable care for his own safety." *Morrison v. MacNamara*, 407 A.2d 555, 566 (D.C.1979).

Issues of negligence and contributory negligence are rarely appropriate for summary judgment. Courts in the District of Columbia have consistently noted that "[o]nly in exceptional cases will questions of negligence [and] contributory negli-

gence ... pass from the realm of fact to one of law." *Paraskevaides v. Four Seasons Wash.*, 292 F.3d 886, 893 (D.C.Cir. 2002) (quoting *Shu v. Basinger*, 57 A.2d 295, 295–96 (D.C.1948)); *see also Lyons v. Barrazotto*, 667 A.2d 314, 322 (D.C.1995) ("Issues of contributory negligence, like issues of negligence, present factual questions for the trier of fact unless the evidence is so clear and undisputed that fairminded men can draw only one conclusion.") (internal quotation omitted).

██ In an attempt to defeat summary judgment, Plaintiff ignores the legal precedents of the D.C. Court of Appeals and argues that this Court should rely on decisions from other state courts. She also assumes an unproven fact that other guests at the W Hotel stumbled on the same stair inside the entrance of the hotel because their "attention was enticed away" by ornaments in the hotel lobby. Pl. Opp. at 14. Despite these errors, the Court will deny Defendants' motion for summary judgment. There is a genuine dispute of material fact as to whether Plaintiff failed to exercise reasonable care in entering the W Hotel. Whether Plaintiff was contributorily negligent is a question of fact that cannot be resolved on the papers alone.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment [Dkt. 32] is **DENIED**, and it is

**FURTHER ORDERED** that the Deputy Clerk shall set a status conference in this case to discuss various pre-trial matters, including scheduling a trial date, the pre-trial conference, and the deadlines for filing motions *in limine* and jury instructions.

**SO ORDERED.**