**O. C. SMITH, Appellant,**

v.

**D. C. TRANSIT SYSTEM, INC., Appellee.**

No. 2368.

Municipal Court of Appeals for the District of Columbia.
Argued April 20, 1959.
Decided July 28, 1959.

Rehearing Denied Aug. 21, 1959.

William R. Scannell, Washington, D. C., with whom Albert J. Ahern, Jr., Washington, D. C., was on the brief, for appellant.

John P. Arness, Washington, D. C., with whom John J. Ross, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant sued the Transit System for personal injuries and property damage alleged to have resulted from an intersection collision between a Transit bus and appellant's automobile which he was driving. At the close of his evidence the trial court directed a verdict in favor of the Transit System. Appellant says this was error.

In directing the verdict the trial court made certain findings of fact. This, of course, was error, because on motion for directed verdict the sole function of the trial court is to view the evidence in the light most favorable to the plaintiff and determine whether such evidence presents a question of fact for jury determination. However, the error was harmless because the so-called findings consisted largely of undisputed facts and statements taken from appellant's own testimony.

Appellant testified on direct examination that when he approached the intersection he stopped at the stop sign, looked to his left and then to his right, and saw the bus approaching 250 to 300 feet away; that he proceeded into the intersection and "the next thing I knew the bus had collided with me." On cross-examination he admitted that when he looked and saw the bus he thought he could "beat" the bus and he tried to "beat" it.

Appellant called the bus driver as a witness. His testimony was that when he ap-

proached the intersection he saw two automobiles stopped at the stop sign, that when he was about to enter the intersection appellant came around the two stopped cars and entered the intersection at a speed of from 35 to 40 miles an hour, that he brought the bus to an emergency stop but was unable to prevent the bus from striking the rear of appellant's automobile.

Ignoring the adverse testimony of the bus driver and considering alone the testimony of appellant in the light most favorable to him, we think the trial court properly directed a verdict against him.

■ In Mitchell v. Allied Cab Co., D.C. Mun.App., 133 A.2d 477, 479, in upholding a directed verdict on the ground of contributory negligence as a matter of law, we said:

"It is elementary that a person operating a car who arrives at an intersection controlled by a stop signal must not only look before entering the favored street, but also observe moving traffic and give the right-of-way to an approaching vehicle which would constitute an immediate hazard."

In Kelly Furniture Co. v. Washington Ry. & Electric Co., 64 App.D.C. 215, 217, 76 F.2d 985, 987, the court, in affirming a directed verdict in a case involving an intersection collision, said:

"If he saw the approaching car so close at hand as to make the passing dangerous, he took the risk of injury in passing it ahead. If he saw it imperfectly and then, without again looking, continued heedlessly on, he likewise took the risk."

■ In the present case it is evident that whether or not appellant was correct in his estimate that the bus, when first observed by him, was 250 or 300 feet away, it was so close as to make dangerous an attempt to cross in front of it; and that in attempting to "beat" the bus, he took a chance and assumed the risk of a collision.

■■ Appellant complains that he was not allowed to call the bus driver as "either an adverse party or a hostile witness." The record shows, however, that he sought to call the driver as an adverse party. The driver was not a party and neither was he "an officer, director, or managing agent"[1] of the defendant corporation and the court correctly so held. It is possible that he might have been called as a hostile witness;[2] but in any event we see no error affecting appellant's substantial rights. He called the driver and examined him, and to some extent cross-examined him, fully and at length. He makes no showing that he was not able to elicit from the witness anything favorable to his case.

Affirmed.

---

1. Municipal Court Civil Rule 43(a).

2. See Wilson v. Nu-Car Carriers, Inc., D.C.M.D.Pa., 158 F.Supp. 127, affirmed, 3 Cir., 256 F.2d 332, and cases there cited.