**Roy H. BORROR and Stanley Yost, Appellants,**

v.

**Charles R. KISSINGER, Appellee.**

**No. 2791.**

Municipal Court of Appeals for the District of Columbia.

Argued July 5, 1961.

Decided Aug. 1, 1961.

---

1. See Livingston v. Fuhrman, D.C.Mun.App., 37 A.2d 747, and Crane v. Postal Telegraph Cable Co., 48 App.D.C. 54.

Eugene E. Ditto, Washington, D. C., for appellants.

Hyman L. Rosenberg, Washington, D. C., with whom Sol Friedman and Leonard L. Lipshultz, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of the Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

This appeal is from a judgment of $5,000 [1] on a jury verdict in favor of plaintiff for injuries resulting from a collision between two automobiles at about 2:00 o'clock in the morning. Plaintiff Kissinger was driving west on Pennsylvania Avenue. Defendant Borror was driving defendant Yost's automobile south on Madison Place. At the intersection Kissinger was faced with a flashing yellow (caution) traffic light; Borror was faced with a flashing red (stop) traffic light. Borror did not stop and the collision resulted.

Making no claim here to freedom from negligence, defendants contend that plaintiff was guilty of contributory negligence as a matter of law. This argument is based on plaintiff's testimony that he observed the other vehicle approaching the intersection at an excessive rate of speed, but assuming that the driver would stop for the red flashing light he did not keep it under continuous observation, and he was in the intersection before he realized that the other driver was not going to stop and it was then too late to avoid the collision.

We agree with defendants' contention that the right of way is not absolute and that at all times and under all circumstances there is a duty on the driver of an automobile to use reasonable precautions for his own safety; but except in rare cases it is for the jury—and not the court—to decide whether under the particular circumstances and at the particular time there was an exercise of reasonable care. We think this case was properly submitted to the jury.

Defendants also argue that the verdict was excessive. Assuming, but not so holding, that this court has the power to review a verdict for excessiveness in fact,[2] we find no substantial basis in the record to sustain the claim of excessiveness.

Affirmed.

---

1. This action was certified to the Municipal Court by the United States District Court under Code 1951, 11–756(a), Supp. VIII.

2. See Dagnello v. Long Island Rail Road Company, 2 Cir., 289 F.2d 797.