Fred Curtis **CAMPBELL, Jr.,** and **Atlantic Auto Service, Inc.,** Appellants,

v.

David Nathaniel **CLYBURN** and **Calvert Fire Insurance Company,** a corporation, Appellees.

No. 2863.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 11, 1961.

Decided Jan. 18, 1962.

———◆———

Joseph L. Holland, Washington, D. C., for appellants.

David A. Scott, Washington, D. C., for appellee Clyburn.

Sol Friedman, Washington, D. C., with whom Leonard L. Lipshultz, Bethesda, Md., and Hyman L. Rosenberg, Washington, D. C., were on the brief, for appellee Calvert Fire Ins. Co.

Before HOOD and QUINN, Associate Judges, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

PER CURIAM.

This case grew out of an intersectional collision between an automobile and a truck. The owner of the automobile and his insurance carrier sued for damages to the automobile. The owner of the truck counterclaimed for damages to the truck. The trial court found the collision was due solely to the negligence of the truck driver and allowed plaintiffs' claim and denied the counterclaim. On this appeal it is argued that the finding of negligence on the part of the truck driver was contrary to the evidence, and that it was error not to find contributory negligence on the part of the automobile driver.

In Shu v. Basinger, D.C.Mun.App., 57 A.2d 295, we said:

"Automobile collisions at street intersections nearly always present question of fact. The credibility of witnesses must be passed on, conflicting testimony must be weighed, and inferences must be drawn. From this conflict and uncertainty the trier of facts, whether judge or jury, must determine the ultimate facts of the case. Only in exceptional cases will questions of negligence, contributory negligence and proximate cause pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal."

Without detailing the evidence in the present case, it is sufficient to say that whether the automobile driver exercised the

required caution in moving out from the stop sign and whether he observed adequately the oncoming traffic, and whether the truck driver, under the circumstances disclosed, acted negligently in failing to keep the automobile under continuous observation, were questions of fact upon which fair-minded men might differ. Determination of these issues was for the trial court.

Affirmed.