**CLIFTON D. MAYHEW, INC., Appellant,**

v.

**Jack L. PATE, Appellee.**

**No. 3478.**

District of Columbia Court of Appeals.

Argued May 25, 1964.

Decided July 31, 1964.

John B. Kneipple, Washington, D. C., for appellant.

J. Bernard Flaherty, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Pate, a journeyman painter and member of Painters and Glaziers District Council No. 51 (hereinafter termed "union"), sustained an injury to his foot while working in Virginia for Mayhew, Inc., a painting contractor. Appellant and the union, as sole and exclusive bargaining agent for Pate, were parties to a collective bargaining agreement. One purpose of this agreement was "to promote the settlement of labor disagreements by conference and ar-

bitration." The sections pertinent to the present case are:

## Article IX

Sec. 1. The Contractor shall carry Workmen's Compensation Insurance and such other insurance as may be required by the laws of the District of Columbia and the States within the geographical jurisdiction of Painters and Glaziers District Council No. 51 and shall furnish proof thereof to the representatives of the above-named District Council No. 51. The Contractor further agrees to carry adequate liability and compensation insurance conditioned so that each journeyman and apprentice shall receive benefits upon the basis and at the same rate as provided under the District of Columbia Workmen's Compensation Commission, irrespective of where the injury or death occurs.

## Article XII

Sec. 3. The Joint Trade Board shall have jurisdiction over *all questions involving* the interpretation, application or *adherence to the terms of this Agreement.* * * * The Joint·Trade Board shall be vested with the power to adjust disputes and grievances which may arise, and shall be empowered to set remedies and penalties, to interpret and make such rules and regulations as may be necessary to give force and effect to the intent, purpose, and meaning of the Agreement. * * * [Emphasis supplied.]

Sec. 4. An Arbitrator shall sit in on all disputes and his vote shall be taken in case of a tie. * ·* * The Arbitrator's decision shall be final and binding. Any involved party shall have the privilege of appealing this decision to the National Joint Trade Board. * * *

At the time of Pate's injury, appellant, through an oversight, did not carry such insurance as would insure to appellee benefits upon the same basis and rate as provided for under the District of Columbia Workmen's Compensation Act.

The Industrial Commission of Virginia found that Pate had sustained a permanent disability in the form of 25% loss of use of his right foot and awarded him compensation for this loss as scheduled by the Virginia Workmen's Compensation Act. The parties agree that under the District of Columbia compensation law Pate would have been entitled to an additional $1,673.75 for this permanent partial disability and that Mayhew, Inc., refused to pay him the additional sum. The dispute was never referred to the Joint Trade Board and Pate filed suit against both Meyhew, Inc., and the union. The trial judge dismissed as to the union for failure to state a claim upon which relief could be granted,[1] but entered judgment for Pate for $1,673.75 plus interest and costs. Meyhew, Inc., appeals.

After a trial, the court in a Memorandum Opinion stated that:

"The language of Art. IX, Sec. 1 [which deals with additional insurance coverage] is clear and direct. An interpretation of an ambiguous provision of the collective bargaining agreement is not required and hence submission to grievance procedures would seem to be futile and unnecessary * * *."

We agree that the language of Article IX, Sec. 1, is clear with reference to the scope of coverage to be provided by the employer; but equally unambiguous is Article XII, Secs. 3 and 4, providing for adjustment and arbitration of disputes arising under the collective bargaining agreement by the Joint Trade Board.

---

1. The release of the union is not challenged by appellant.

Section 301(a) of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S. C.A. § 185, provides, *inter alia*, that:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States * * *."

In 1957, in the first case involving an interpretation of Section 301, the Supreme Court in Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 923, 1 L.Ed.2d 972; authorized federal courts to fashion a body of federal law for the enforcement of collective bargaining agreements and to include therein specific performance of arbitration provisions embodied in such agreements. In 1960 the Supreme Court in a series of cases commonly called "The Trilogy," [2] clarified the broad language used in the Lincoln Mills case by ruling that the merits of an arbitrable controversy

"were to be decided by the arbitrator and not by the courts, regardless of the disguise in which such action might be dressed. Moreover, a broad arbitration clause in a collective bargaining agreement was held to include all disputes arising under the contract except for those which the parties have specifically excluded." [Footnotes excluded.] [3]

The scope of Section 301 was further broadened in Local 174, Teamsters Union v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962), which held that a state court has concurrent jurisdiction with federal district courts under Section 301 but must apply federal substantive law. In 1964 the Supreme Court in Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370, ruled that an employee has standing to sue in a state court but that the decision of the Joint Conference Committee set up by the collective bargaining contract was final and binding upon the parties "just as the contract says it is."

A collective bargaining agreement is intended to secure rights for individual employees. Adequate workmen's compensation benefits is one of these rights. Under the arbitration clause of the agreement here, any controversy or dispute about the employer's failure to secure and provide the additional compensation benefits as specified in the collective bargaining agreement was clearly intended to be submitted to arbitration. The broad coverage and intent of the contract was to seek in good faith an amicable adjustment of the labor problem without resort to litigation in court. As was said in Belk v. Allied Aviation Service Co. of New Jersey, Inc. (2nd Cir.), 315 F.2d 513, 517:

"The entire import of the Supreme Court cases beginning with Lincoln Mills, through the trilogy of the Steelworker cases to Drake [Drake Bakeries, Inc. v. Local 50 American Bakery Workers, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474] * * * is that arbitration, when agreed upon by the parties, is the best method for reconciliation of disputes arising out of collective agreements. Where an arbitration clause admits of a construction including the dispute in question within its ambit, recourse to the courts before any effort is made to process the dispute through arbitration is to be looked upon with disfavor. * * *"

2. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S. Ct. 1343, 4 L.Ed.2d 1403; United Steelworkers of America v. Warrior & G. Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L. Ed.2d 1424.

3. Weiss, Labor Arbitration and the 1961–1962 Supreme Court, in 51 Georgetown Law Journal 284, 286. [Footnotes omitted.]

Furthermore, Weiss, supra, note 3, observes that:

"The meaning of the Steelworkers and Lincoln Mills cases cannot, however, be limited to the specific holdings described above or the many subsidiary findings and conclusions which are contained therein. Rather, of equivalent importance was the creation of an atmosphere in which the greatest values were placed upon the peaceful settlement of disputes through use of machinery designated by the parties for that purpose. To this end the litigants, the arbitrators and the courts were encouraged to use every available means to make the arbitration process effective." [Footnotes omitted.]

We have before us a collective bargaining agreement which provides in mandatory language for the use of arbitration to adjust labor disputes arising under the contract and a series of Supreme Court decisions recognizing the beneficial results that arise from settling a labor controversy "at the plant level—disputes that require for their solution knowledge of the custom and practices of a particular factory or of a particular industry as reflected in particular agreements." [4]

In accepting the claim of the appellee here, the trial court relied upon certain language in Skinner v. Gaither Corporation, 234 N.C. 385, 67 S.E.2d 267, 269, as authority for ruling that "where administrative remedies are provided for by contract, such agreement cannot oust the Court of its jurisdiction." The contract in the Skinner case was between a homeowner and a contractor and provided for submission of any controversies subsequent to signing of the contract to arbitration. The North Carolina court in its opinion (at page 269) held that under the North Carolina Code governing arbitration, such a contract "is controlled by our cases pertaining to contracts of this type to which the common law rule applies" and that the trial court could not properly be deprived of its jurisdiction by a prior agreement to settle by arbitration. We do not believe that this rule is applicable to the facts and law of the present labor dispute between an employee and his employer.

The broad language of the collective bargaining agreement clearly and definitely provided that the Joint Trade Board shall have jurisdiction over all questions thereunder and is controlling upon the parties in the present case in the light of the Supreme Court decisions giving wide scope to Section 301. As was stated in Warrior, supra, note 2, 363 U.S. at page 583, 80 S.Ct. at page 1353: "[d]oubts [as to whether a dispute is subject to arbitration] should be resolved in favor of coverage."

We are of the opinion that the trial court, although correctly holding that an employee had a right to sue, should not have undertaken at this stage a determination of the case on its merits but should have referred the employee to his remedy under the collective bargaining agreement.[5]

Accordingly, the judgment of the trial court is reversed and the case remanded for dismissal without prejudice.

It is so ordered.

4. United Steelworkers of America v. Enterprise, supra, note 2, 363 U.S. at page 596, 80 S.Ct. 1358.

5. Belk v. Allied Aviation Service Co. of New Jersey, Inc., (2nd Cir.), 315 F.2d 513; Cunningham v. Federal Cartridge Corporation, (1963), 265 Minn. 534, 122 N.W.2d 208; Jones v. International Union of Operating Engineers, 72 N.M. 322, 383 P.2d 571 (1963).