**Augusta A. CARTER and to the Use of General Accident Group, Appellants,**

**v.**

**Joseph SINGLETON, Appellee.**

**No. 3778.**

District of Columbia Court of Appeals.

Argued Jan. 17, 1966.

Decided April 28, 1966.

Austin F. Canfield, Jr., Washington, D. C., with whom Richard W. Galiher, Washington, D. C., was on the brief, for appellants.

Thomas J. Scanlon, Washington, D. C., with whom Howard J. McGrath, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This action arose from a collision between two automobiles at a street intersection. Appellant, proceeding east on T Street, stopped for a stop sign at the intersection of T and 4th Street, and then drove into the intersection. Before he cleared the intersection his automobile was struck by appellee's automobile, which was going south on 4th Street. Appellant's automobile was totally wrecked and his insurer paid

him $2,385 on a $100 deductible policy. Appellee's automobile was damaged to the extent of $825. A jury returned verdicts in favor of appellant and his insurer, and found against appellee on his counterclaim. The trial court granted appellee's motion for judgment notwithstanding the verdict, and in the alternative ordered a new trial. This appeal contends that the grant of judgment notwithstanding the verdict was error.

■ In granting judgment n. o. v. the trial court ruled as a matter of law that appellant was negligent in failing to yield the right of way. We have ruled on many occasions that ordinarily questions of negligence and contributory negligence, especially in automobile collision cases, are questions for the jury. Only in the exceptional case, where the facts are undisputed and where but one reasonable inference can be drawn, is the court justified in holding that negligence or contributory negligence has been established as a matter of law.[1]

Appellant testified that he stopped at the stop sign and because his vision was obscured he eased his car forward to the curb line where he could see three or four blocks north on 4th Street and observed appellee's car coming from his left, about two short blocks away, that he noticed nothing unusual about its speed and he figured that it was a sufficient distance away to permit him to cross safely. He proceeded into the intersection at a normal acceleration, but after getting into the intersection he observed appellee's car very close and he attempted to accelerate in an effort to clear the intersection ahead of the oncoming car. As his car reached the middle of the intersection, it was struck broadside behind the front door by appellee's car.

An officer of the Accident Investigation Unit, who came to the scene, testified the weather was clear and the street was dry, and the speed limit in that area was twenty-five miles per hour. He also testified that appellee's automobile laid down thirty-eight feet of skid mark up to the point of impact and another twenty feet after impact. A traffic expert testified that those marks indicated a minimum speed of thirty-five miles an hour.

Appellee's testimony was that he was driving at about twenty to twenty-five miles an hour and when he was forty or fifty feet from the intersection he saw appellant's car "jump" out in front of him, and that although he applied his brakes and swerved his car he could not avoid the collision.

■ We think this was a typical intersectional collision, with contradicting evidence as to speeds and distances. This was not a case of appellant failing to stop and look, or looking and failing to see what should have been seen,[2] or deliberately attempting to "beat" the other vehicle to the crossing.[3] Appellant stopped and looked. He saw the other vehicle approaching at a distance and speed which he thought made it safe for him to cross. The fact that he was struck before clearing the intersection does not establish his negligence as a matter of law. He made a decision which motorists at intersections are required to make daily. Whether his decision was negligently or carelessly made was a question for the jury. It was error to rule otherwise.

The judgment is reversed for a new trial in accordance with the trial court's alternative ruling on the motion.

Reversed for a new trial.

1. Wright v. Capital Transit Co., D.C.Mun. App., 35 A.2d 183 (1943).

2. Phillips v. D. C. Transit System, Inc., D.C.App., 198 A.2d 740 (1964).

3. Smith v. D. C. Transit System, Inc., D.C.Mun.App., 153 A.2d 658 (1959).