Ettress **WILSON** and Service Fire Insurance Company of New York, a corporation, Appellants,

v.

Davie Yost **BRAME,** Appellee.

No. 4010.

District of Columbia Court of Appeals.

Argued Jan. 30, 1967.

Decided April 6, 1967.

Charles B. Sullivan, Jr., Washington, D. C., for appellants.

Frederick H. Evans, Washington, D. C., with whom William S. Thompson, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

QUINN, Associate Judge:

Appellants sued to recover $1,212.37 for property damage arising from an automobile accident. Recovery was denied and they appeal.

At the trial James Bush, the driver of the Wilson car, testified as follows: The accident occurred about 6:00 A.M. on a rainy July morning. He was traveling north about twenty miles per hour and had his headlights on when appellee, who was proceeding south, made a left-hand turn in front of him. The cars were then approxi-mately twenty-five feet apart, and although he tried to swerve and stop, he could not avoid the collision. He stated that appellee made no turn signal, but that he could not recall whether appellee's headlights were on. He characterized appellee as having been drinking moderately and admitted that immediately following the accident appellee accused him of speeding. The record does not indicate at what point Bush first saw appellee's car.

Appellee corroborated the time, place, and occurrence of the accident. He stated that a light rain was falling, that it was still dark, and that it was "semi-foggy." In describing the collision he stated that he could see for a distance of two blocks and felt that he was safe when he made his turn. He further testified that he did not see the Wilson car until it hit his, that he heard skidding noises for a few seconds before the impact, and that the driver was speeding. He denied that he had been drinking and said he was traveling about five miles per hour and that his lights were on, although he was not sure about those of the other vehicle.

At the close of all the evidence, the trial judge stated:

"I think under all the facts and evidence and circumstances, and all of the surrounding circumstances, that there's evidence of negligence on the part of both drivers."

Appellants claim that it was error for the court to find contributory negligence and thus render judgment for appellee.

■ Generally negligence and contributory negligence are questions of fact; they become questions of law only when the evidence is so clear that fair-minded men can draw but one conclusion. Holmes v. Stahl, D.C.App., 190 A.2d 102 (1963); Reading v. Faucon, D.C.Mun.App., 134 A. 2d 376 (1957); Mayers v. Greenwald, D. C.Mun.App., 129 A.2d 854 (1957); Dohoney v. Imperial Ins. Inc., D.C.Mun.App., 87 A.

2d 412 (1952); Shu v. Basinger, D.C.Mun. App., 57 A.2d 295 (1948); Brown v. Clancy, D.C.Mun.App., 43 A.2d 296 (1945); see Akers v. Tomlinson, D.C.App., 222 A.2d 644 (1966); Carter v. Singleton, D.C.App., 219 A.2d 114 (1966).

In the instant case, the trial court could have found or inferred that Mr. Bush was contributorily negligent, *e. g.,* that he failed to give full time and attention to his driving and was either speeding or else traveling at an unreasonable rate of speed under the circumstances. Whether we would have reached the same conclusion is immaterial. There was substantial evidence to support the ruling of the trial court and its decision must be affirmed.

The case of Rogers v. Cox, D.C.Mun. App., 75 A.2d 776 (1950), although somewhat similar factually, is not in conflict with our decision herein.

Affirmed.