Wilbur **RAWLINGS**, Appellant,

v.

Edward M. **ROBBINS** and State Farm Mutual Insurance Co., a corporation, Appellees.

No. 4645.

District of Columbia Court of Appeals.

Argued July 8, 1969.

Decided Oct. 15, 1969.

---

Milton C. Gelenian, with whom Leonard I. Rosenberg, Washington, D. C., was on the brief, for appellant.

Darryl L. Wyland, Washington, D. C., for appellees.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This appeal concerns an intersectional collision which occurred during rush-hour traffic. When plaintiff brought suit, the defendant counterclaimed, and intervenor, State Farm Mutual Insurance Co., subrogated in part to defendant's claim, asserted its rights against the plaintiff. The trial court sitting with a jury directed a verdict against the plaintiff at the close of his case on the grounds that plaintiff failed to prove the negligence of the defendant as a matter of law, and that plaintiff was contributorily negligent as a matter of law. We construe this latter ruling to mean that the court found plaintiff primarily negligent in causing the collision since, absent negligence of defendant, the doctrine of contributory negligence could not apply. See Restatement of Torts (2nd), § 467 (1965). At the close of the case on the counterclaim, the trial court directed a verdict against the defendant and the intervenor stating that the defendant was negligent as a matter of law.[1] The intervenor cross-appealed, but after filing its brief, the parties filed an agreement of dismissal.

The testimony in the plaintiff's case reveals that he was struck by defendant as he was attempting to cross an intersection after stopping for a stop sign. Because cross traffic had been stopped due to congestion, plaintiff was able to cross through five of the six lanes. When he looked into the sixth lane he was able to see that the lane was clear of oncoming traffic for a distance of about 75 to 90 feet. He determined this was "far enough back [so] that the lane [was] clear enough for me to get through." As he crossed this last lane he "caught sight of this car speeding toward" him. Although plaintiff testified that he "froze", a witness testified he observed plaintiff "trying to get out of the way and [he] nearly cleared the intersection." Evidence of forward, as distinguished from lateral, movement of plaintiff's car after the impact tends to corroborate that witness' testimony.

1. Defendant testified that he was traveling "more like thirty or forty" miles per hour.

**488**

The test to be applied in this case is whether, on the best view of plaintiff's evidence, fair and reasonable men would be compelled to conclude absence of defendant's negligence or that plaintiff was contributorily negligent. Wilson v. Brame, D.C.App., 228 A.2d 326, 327 (1967).; Shewmaker v. Capital Transit Co., 79 U.S.App. D.C. 102, 103, 143 F.2d 142, 143 (1944). We hold that there were issues of fact on which fair and reasonable men could differ. Therefore, it was error to direct a verdict.

As this court has observed in Carter v. Singleton, D.C.App., 219 A.2d 114, 115 (1966):

> We have ruled on many occasions that ordinarily questions of negligence and contributory negligence, especially in automobile collision cases, are questions for the jury. Only in the exceptional case, where the facts are undisputed and where but one reasonable inference can be drawn, is the court justified in holding that negligence or contributory negligence has been established as a matter of law. (Footnote omitted.)

This not being one of those exceptional cases, we adopt the holding in *Carter* as dispositive of this case. With the indicated appropriate modification to the facts of this case, the language of that holding is indeed apropos to the issue raised.

> We think this was a typical intersectional collision, with [evidence adduced from which the jury could have concluded that plaintiff stopped, saw what was to be seen within a distance of 90 feet and determined that it was safe to proceed cautiously. In addition, the jury could have found that defendant was proceeding at an unreasonable rate and was beyond the view of plaintiff as he looked into the last lane—that is, that defendant failed to exercise caution dictated by the traffic conditions]. The fact that [plaintiff] was struck before clearing the intersection does not establish his negligence as a matter of law. He made

a decision which motorists at intersections are required to make daily. Whether his decision was negligently or carelessly made was a question for the jury. It was error to rule otherwise. *Id.* at 115.

See also Dohoney v. Imperial Ins. Inc., D.C.Mun.App., 87 A.2d 412, 414 (1952), and Borror v. Kissinger, D.C.Mun.App., 173 A.2d 223 (1961). Accordingly, we reverse.

We think it appropriate to observe, particularly in view of our overtaxed judicial system, that the prudent procedure in cases such as this is to submit the issues to the jury. "If a verdict is deemed by the court to be contrary to the evidence, judgment may be entered *non obstante veredicto*. Action by this court in the event of an appeal from such a judgment would not entail the trouble and expense of a new trial." Peigh v. Baltimore and O.R.R., 92 U.S.App.D.C. 198, 202, 204 F.2d 391, 396, 44 A.L.R.2d 671 (1953). See also Todd v. Jackson, 109 U.S. App.D.C. 7, 283 F.2d 371 (1960).

Reversed and case remanded for a new trial.