**DISTRICT OF COLUMBIA GOVERNMENT,**
a municipal corporation, Appellant,

v.

**Victoria ADAMS, a minor, by her next friend,**
**Cora C. Adams, and Cora C. Adams,**
individually, Appellees.

**Victoria ADAMS, a minor, by her next friend,**
**Cora C. Adams, and Cora C. Adams,**
*individually, Appellants,*

v.

**DISTRICT OF COLUMBIA GOVERNMENT,**
a municipal corporation, Appellee.

Nos. 4852, 4853.

District of Columbia Court of Appeals.

Argued Jan. 7, 1970.

Decided Feb. 17, 1970.

Leo N. Gorman, Assistant Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Assistant Corporation Counsel, and Richard W. Barton, Assistant Corporation Counsel, were on the brief, for appellant in No. 4852 and for appellee in No. 4853.

Earl H. Davis, Washington, D. C., for appellees in No. 4852 and for appellants in No. 4853.

Before NEBEKER, Associate Judge, and CAYTON (Chief Judge, Retired), and QUINN (Associate Judge, Retired).

NEBEKER, Associate Judge.

These cases are an appeal and a cross-appeal from an award of damages for injuries suffered in a fall. The District of Columbia asserts that the claimed emotional injury was not shown to be traceable to the physical injury. Parrish v. United States, 126 U.S.App.D.C. 144, 375 F.2d 320 (1967). Accordingly, it argues that the expert testimony should have been stricken. In the cross-appeal, it is contended that the trial judge abused his discretion in ordering a remittitur of $5,000 of the $10,000 verdict, or alternatively, a new trial.

The initial treating physician testified that the "head wound" caused an emotional problem which he treated. The psychiatrist concluded the "accident" caused an acute anxiety reaction. She also concluded that the "trauma" was a cause of this reaction.

The question, therefore, is whether this testimony may be read as showing a proximate nexus between the physical injury and the emotional injury. We conclude that it may be so read.

■ In treating the issue whether the evidence is sufficient for a case to be submitted to the jury we have held, consistent with established precedent,[1] that the plaintiff's evidence must be viewed in the most favorable light. Rawlings v. Robbins, D.C. App., 257 A.2d 486 (1969); Wilson v. Brame, D.C.App., 228 A.2d 326, 327 (1967). We conclude that the same test should apply in ruling on the motion to strike in this case.

Upon reviewing testimony on a sustained motion to strike it is to be looked upon favorably to the litigant against whose interests the motion operates, giving him the benefit of all reasonable inferences. American Telephone and Telegraph Co. v. Ohio Valley Sand Co., 131 W.Va. 736, 50 S.E.2d 884, 885 (1948).

The same approach is required when the motion to strike is denied. Although the evidence might give rise to two possible conclusions on the issue of causality, in its most favorable light it supports an award for emotional injury.[2]

■ Our review of the record reveals no abuse of discretion in ordering the remittitur. The judgment and remittitur are

Affirmed.

---

1. Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 103, 143 F.2d 142, 143 (1944).

2. No objection has been made as to the content of the jury instruction on the expert testimony and the requisite connection between physical and emotional injury. The District of Columbia merely asserts that the charge should not have been given for the reason advanced on the motion to strike.

The assertion that certain photographs were improperly admitted must also fall since that contention depends on the validity of the main point discussed in the text.