Robert L. OVERBY and Frances H. Overby,
Appellants,

v.

George P. BARNETT, Appellee.

No. 4900.

District of Columbia Court of Appeals.

Argued Feb. 2, 1970.

Decided March 6, 1970.

Michael A. Schuchat, Washington, D.C., with whom Henry E. Nichols, Washington, D.C., was on the brief, for appellants.

Marvin Michael Klein, Washington, D.C., with whom Leon M. Shinberg, Washington, D.C., was on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge.

This breach of contract action was dismissed, sua sponte, by the trial court on the third day of trial.[1] The action arose from a dispute over the adequacy of performance of a contract for construction of a residence in the District of Columbia. The builder-appellee filed the complaint asserting incomplete payment by the owners-appellants. The owners filed an answer and counterclaim asserting improper construction by the builder and damages resulting from depreciation and the necessity to make repairs. The builder denied the material allegations in the counterclaim by timely reply.

The written contract was on a form, consisting of four pages, bearing a lengthy copyright by the American Institute of Architects. Article 19 thereof contained a standard arbitration clause whereby "any disagreements" shall be submitted to arbitration under predetermined procedure of A.I.A. or the American Arbitration Association.

At the close of the second day of trial, the judge requested that the parties submit their views on the question whether the court had jurisdiction of the case in light of the arbitration provision. The builder

1. There were four more defense witnesses waiting to testify.

maintained that the provision did not apply to his suit for a fixed sum of money. The owners asserted that all rights under the provision were waived by the parties since the builder had brought suit and none of the pleadings asserted the right to arbitration as a condition precedent to litigation. The trial judge dismissed the action for want of jurisdiction and this appeal followed. We reverse and remand for a new trial.

■ We have held, consistent with established precedent,[2] that a contractor's right to arbitration of a dispute may be and is waived by answering the complaint on the merits and counterclaiming for damages. Rubewa Products Co. v. Watson's Quality Turkey Products, Inc., D.C. App., 242 A.2d 609 (1968). These acts, amounting to active participation in a law suit,[3] are inconsistent with the right to arbitrate and constitute a waiver of the right. Here the builder and the owners, through their pleadings, have clearly waived the arbitration provision by submitting the issues to a jury trial. Neither desired to use arbitration to settle their dispute and it was error to force them to do so.[4]

■ It is particularly unfortunate that the parties are forced to undergo the expense of a new trial when the case could have been submitted for jury determination. Our earlier admonition respecting the grant of a directed verdict[5] applies with equal force in this case. The better practice would have been to submit the case to the jury and then, if deemed appropriate, the trial judge could rule on the effect of the arbitration clause. "Action by this court in the event of an appeal from such a judgment would not entail the trouble and expense of a new trial." Peigh v. Baltimore & Ohio R.R., 92 U.S.App.D.C. 198, 202, 204 F.2d 391, 396, 44 A.L.R.2d 671 (1953). See also Todd v. Jackson, 109 U.S.App.D.C. 7, 283 F.2d 371 (1960).

Reversed and remanded for a new trial.

2. Cornell & Co. v. Barber & Ross Co., 123 U.S.App.D.C. 378, 360 F.2d 512 (1966).

3. Id.

4. Neither case relied upon by the trial judge supports his jurisdictional conclusion. In Davis v. Humphreys & Harding, Inc., D.C.App., 205 A.2d 309 (1964), and unlike this case, the answer to the complaint affirmatively asserted failure to abide by an arbitration provision of the contract as a defense. This court merely sought to encourage use of arbitration when it observed this fact but specifically refrained from any view that the existence of an arbitration clause "should always" deprive the courts of jurisdiction. We cited Clifton D. Mayhew, Inc. v. Pate, D.C.App., 202 A.2d 786 (1964), on which the trial court also predicated its dismissal. While that decision recognized the benefits of arbitration, it was limited in its holding that the ordinary "common law rule" did not apply "to the facts and law of the present *labor dispute* between an employee and his employer." (Emphasis supplied.) The facts revealed an arbitration provision in a collective bargaining agreement and an issue of liability for workmen's compensation. Under the Labor Management Relations Act of 1947 and governing federal case law, such labor disputes were required first to be arbitrated. When read in light of Rubewa Prod. Co. v. Watson's Quality Turkey Prod., Inc., D.C.App., 242 A.2d 609 (1968), these cases cannot support the holding of lack of jurisdiction in this case.

5. Rawlings v. Robbins, D.C.App., 257 A.2d 486, 488 (1969).