The ARLINGTON YELLOW CAB CO., INC., et al., Appellants,

v.

Walter F. SUTTER et al., Appellees.

No. 9582.

District of Columbia Court of Appeals.

Argued Jan. 13, 1976.

Decided March 16, 1976.

Richard W. Boone, Washington, D.C., with whom Edward J. Lopata, William D. Appler and Warren G. Stolusky, Washington, D.C., were on the brief, for appellants.

Henry R. Berger, Washington, D.C., for appellees Walter F. and Helen P. Sutter.

William R. Scanlin, Washington, D.C., with whom Thomas J. Ahern, Jr., Washington, D.C., was on the brief, for appellee Amalia Z. Corado.

Before KERN and NEBEKER, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

A taxicab owned by Arlington Yellow Cab Company and driven by Mr. Frederick was struck by an automobile owned and operated by Mrs. Corado. Mrs. Sutter, a passenger in the cab at the time of the collision, and her husband sued the cab company, its driver and Mrs. Corado for damages resulting from injuries she suffered. A jury awarded her $20,000 and her husband $7,000 against the cab company and its driver but exonerated Mrs. Corado from liability. The cab company and its driver have appealed.

The accident occurred about noon at the intersection of 28th and O Streets. Rain had fallen earlier in the day and the streets were wet. There are no traffic lights at the intersection but traffic on O Street is controlled by stop signs. The cab was proceeding east on O Street and Mrs. Corado north on 28th Street. It is undisputed that the cab was about halfway across the intersection when it was struck on the right side by Mrs. Corado's car.

The cab driver testified he came to a stop at the stop sign, looked both north and south and saw a car approaching from the south about 300 feet away; that he figured he had plenty of time to cross and he stepped on the gas and took off; and that he never again saw the other car until a fraction of a second before it hit him.

Mrs. Corado testified she slowed down her car as she approached the intersection and looked both to her left and right; that she did not see the cab at the stop sign and did not see it until it was almost in front of her, a split second before she struck it.

The passenger testified she saw a car coming north on O Street but she did not continue to watch it and all she remembered concerning the collision was "being on the floor and wondering how in the world I got there."

■ Appellants assert it was error to admit in evidence Sections 48[1] and 99C[2] of the District of Columbia traffic regulations. The argument is that as the cab driver testified he stopped at the stop sign and no witness testified otherwise, the stop sign regulation was irrelevant and its admission may have misled the jury. The answer is that the regulation not only requires stopping but also requires effective

---

1. "Every driver of a vehicle approaching an intersection at which an official stop sign has been erected, shall come to a complete stop and after having stopped, shall yield the right of way to any vehicle which has entered the intersection from another highway, or which is approaching so closely from said highway as to constitute an immediate hazard, during the time that such vehicle is moving across or within the intersection."

2. "An operator shall, when operating a vehicle, give his full time and attention to the operation of the same."

looking and proceeding with care into the intersection. It was for the jury to decide from the evidence and the reasonable inferences therefrom whether the cab driver looked effectively and proceeded with the caution required by what he observed. It may also be noted that though there was no testimony that the cab failed to stop at the stop sign, the passenger had "no recollection" of the cab stopping, and a police officer who came to the scene of the accident testified the cab driver said he looked after stopping but saw no on-coming traffic.

With respect to the full time and attention regulation, it seems obvious that one or both of the drivers was not giving full time and attention to the driving or else the accident would not have occurred. We find no error in the admission of the regulations.

■ The remaining claim of error asserts that the trial court erroneously denied appellants' post-trial motions for judgment n.o.v. and the alternative motions for judgment on the cross-claims for indemnity. This claim rests on the argument that Mrs. Corado's failure to see the cab constituted negligence as a matter of law and that such negligence was the sole proximate cause of the accident. This court has ruled consistently that intersection collisions nearly always present questions of fact as to negligence and contributory negligence and only in exceptional cases may the court decide the questions as matters of law.[3] This is not one of those exceptional cases.

*Affirmed.*

3. *Rawlings v. Robbins*, D.C.App., 257 A.2d 486 (1969) ; *Campbell v. Clyburn*, D.C.Mun. App., 176 A.2d 873 (1962) ; *Gober v. Yellow Cab Company, Inc.*, D.C.Mun.App., 173 A.2d 915 (1961) ; *Shu v. Basinger*, D.C.Mun.App., 57 A.2d 295 (1948).